UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
NUNZIO    CALCE;    ALLEN    CHAN;    SHAYA
GREENFIELD;  AMANDA  KENNEDY;  RAYMOND
PEZZOLI; SECOND AMENDMENT FOUNDATION; and
FIREARMS POLICY COALITION, INC.,

                                          Plaintiffs,

               -against-

CITY OF NEW YORK; and DERMOT SHEA, in his
official capacity as Commissioner of the New York City
Police Department,

                                       Defendants.
-------------------------------------------------------------------------x

**DEFENDANTS' ANSWER TO
THE AMENDED COMPLAINT**

1:21-CV-08208 (ER)

        Defendants, the City of New York, and Dermot Shea,[1] in his official capacity as the former Commissioner of the New York City Police Department for their answer to the Amended Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff Amanda Kennedy was issued a summons.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as set forth therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as set forth therein.

---

[1] On January 1, 2022, Keechant Sewell became the Commissioner of the New York City Police Department ("NYPD").

5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiffs purport to base venue as set forth therein.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.      Admit the allegations set forth in paragraph "13" of the Complaint.

14.      Admit the allegations set forth in paragraph "14" of the Complaint.

15.      Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Dermot Shea is sued in his official capacity as the former Commissioner of the NYPD, and further note that Keechant Sewell is the current Commissioner of the NYPD.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, and respectfully refer the Court to the Second Amendment of the United States Constitution for its full content and true meaning.

17.     Deny the allegations set forth in paragraph "17" of the Complaint, and respectfully refer the Court to the Fourteenth Amendment of the United States Constitution for its full content and true meaning.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, and respectfully refer the Court to New York State Penal Law ("Penal Law") § 265.01 for its full content and true meaning.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, and respectfully refer the Court to Penal Law § 265.00(15-a) for its full content and true meaning.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, and respectfully refer the Court to Penal Law § 265.00(15-c) for its full content and true meaning.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, and respectfully refer the Court to Penal Law § 265.20(3) for its full content and true meaning.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, and respectfully refer the Court to New York City Administrative Code ("Admin. Code") § 10-135 for its full content and true meaning.

23.     Deny the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein, and respectfully refer the Court to Admin. Code § 10-135(d)-(e) for its full content and true meaning.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, and respectfully refer the Court to Penal Law §§ 70.15(1) and 80.05(1) for their full content and true meaning.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that plaintiff Amanda Kennedy was issued a summons.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44"of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

45.     Neither admit nor the deny the allegations set forth in paragraph "45" of the Complaint, as they consist of legal arguments to which no response is required; if the Court requires a response, deny the allegations.

46.     Neither admit nor the deny the allegations set forth in paragraph "46" of the Complaint, as they consist of legal arguments to which no response is required; if the Court requires a response, deny the allegations.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in the first sentence of paragraph "48" of the Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53.     At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54.     At all times relevant to the acts alleged in the Complaint, defendant Dermot Shea in his official capacity as the former Commissioner of the NYPD acted reasonably and

properly in the lawful exercise of his discretion and/or judgmental decisions and is therefore entitled to qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

55.     To the extent the Complaint can be read to assert state law claims against defendants, plaintiffs have failed to comply with all conditions precedent to suit including, but not limited to, New York General Municipal Law §50 et seq., including §§ 50-e, 50-i, and 50-h.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

56.     Plaintiffs have failed to state a valid claim under <u>Monell v. Dep't of Social Services,</u> 436 U.S. 658 (1978).

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

57.     The organizational plaintiffs have not establish Article III standing to challenge the relevant portions of the Penal Law and Admin. Code.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

58.     Defendants are not liable for punitive damages.

**WHEREFORE**, defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              April 22, 2022

                                  Respectfully Submitted,

                                  HON. SYLVIA HINDS-RADIX
                                  Corporation Counsel of the
                                    City of New York
                                  Attorney for Defendants
                                  100 Church Street
                                  New York, New York 10007
                                  (212) 356-2183
                                  sschonfe@law.nyc.gov


                              By: /s/ Samantha Schonfeld
                                  Samantha Schonfeld
                                  Assistant Corporation Counsel

8