UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NUNZIO CALCE; ALLEN CHAN; SHAYA GREENFIELD; AMANDA KENNEDY; RAYMOND PEZZOLI; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC.,<br><br>    Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK; and EDWARD A. CABAN, in his official capacity as Commissioner of the New York City Police Department,<br><br>    Defendants. | No. 1:21-cv-08208-ER |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Plaintiffs, pursuant to Rule 56(c) and Local Civil Rule 56.1, submit there is no genuine issue to be tried as to the following facts:

1. Defendant City of New York is a municipal corporation incorporated under the laws of the State of New York.
   [Amended Complaint (Doc. No. 5) ¶ 13; Answer (Doc. No. 15) ¶ 13]

2. The New York City Police Department (or "NYPD") is an agency of the Defendant City that is not amenable to suit in its own name.
   [Amended Complaint (Doc. No. 5) ¶ 14; Answer (Doc. No. 15) ¶ 14]

3. Dermot Shea, who was named as an official capacity Defendant at the time of filing, was previously the Commissioner of the New York City Police Department.
   [Amended Complaint (Doc. No. 5) ¶ 15; Answer (Doc. No. 15) ¶ 15]

4. Defendant Edward A. Caban is the current Commissioner of the New York City Police Department, named in his official capacity.
   [Amended Complaint (Doc. No. 5) ¶ 15; Answer (Doc. No. 15) ¶ 15; *see also* https://www.nyc.gov/site/nypd/about/leadership/commissioner.page (last visited Mar. 1, 2024)]

5. Plaintiff Nunzio Calce is a 50 year old married man who lives in Bronx, New York.
[Declaration of Nunzio Calce ("Calce Dec.") ¶ 2]

6. Plaintiff Nunzio Calce would like to purchase, possess and carry a stun gun or a taser in the City of New York, but he refrains from doing so because he fears that NYPD officers will arrest or otherwise prosecute him if he does so.
[Calce Dec. ¶¶ 3, 9]

7. On September 7, 2021, Plaintiff Nunzio Calce contacted his local NYPD precinct (49th) to ask whether stun guns and tasers are legal. In response, someone named "Officer Ju" told him that both stun guns and tasers are illegal in all of New York City.
[Calce Dec. ¶ 7]

8. Since Plaintiff Nunzio Calce spoke with his local NYPD precinct, nothing has happened that would change his understanding that NYPD officers will enforce the prohibitions against stun guns and tasers.
[Calce Dec. ¶ 8]

9. Plaintiff Nunzio Calce has never been convicted of a felony or confined to a mental institution. To the best of his knowledge, he is legally eligible to purchase and possess firearms under New York law and federal law.
[Calce Dec. ¶ 10]

10. Plaintiff Allen Chan is a 32 year old man who lives in the Flushing neighborhood of Queens, New York.
[Declaration of Allen Chan ("Chan Dec.") ¶ 2]

11. Plaintiff Allen Chan would like to purchase, possess and carry a stun gun or a taser in the City of New York, but he refrains from doing so because he fears that NYPD officers will arrest or otherwise prosecute him if he does so.
[Chan Dec. ¶¶ 3, 9]

12. On several days in September and October of 2021, Plaintiff Allen Chan attempted to contact his local NYPD precinct (109th) to ask whether stun guns and tasers are legal. On October 28, 2021, Mr. Chan was able to speak with someone who answered the number for the Detectives Squad, and that person told him that stun guns and tasers are illegal in New York City, but that the person was not sure whether they are illegal under New York State law.
[Chan Dec. ¶ 7]

13. Since Plaintiff Allen Chan spoke with his local NYPD precinct, nothing has happened that would change his understanding that NYPD officers will enforce the prohibitions against stun guns and tasers.
[Chan Dec. ¶ 8]

14. Plaintiff Allen Chan has never been convicted of a felony or confined to a mental institution. To the best of his knowledge, he is legally eligible to purchase and possess

firearms under New York law and federal law.
[Chan Dec. ¶ 10]

15. Plaintiff Shaya Greenfield is a 31 year old man who lives in the Richmond Hill neighborhood of Queens, New York.
[Declaration of Shaya Greenfield ("Greenfield Dec.") ¶ 2]

16. Plaintiff Shaya Greenfield would like to purchase, possess and carry a stun gun or a taser in the City of New York, but he refrains from doing so because he fears that NYPD officers will arrest or otherwise prosecute him if he does so.
[Greenfield Dec. ¶¶ 3, 9]

17. On several days in September 2021, Plaintiff Shaya Greenfield attempted to contact his local NYPD precinct (102nd) to ask whether stun guns and tasers are legal, but he was not able to reach anyone by telephone. On September 27, 2021, Mr. Greenfield called the number for the precinct's Detective Squad and spoke with an individual who told him it was illegal to have a taser in New York City.
[Greenfield Dec. ¶ 7]

18. Since Plaintiff Shaya Greenfield spoke with his local NYPD precinct, nothing has happened that would change his understanding that NYPD officers will enforce the prohibitions against stun guns and tasers.
[Greenfield Dec. ¶ 8]

19. Plaintiff Shaya Greenfield has never been convicted of a felony or confined to a mental institution. To the best of his knowledge, he is legally eligible to purchase and possess firearms under New York law and federal law.
[Greenfield Dec. ¶ 10]

20. Plaintiff Ray Pezzoli is a 48 year old man who lives in Staten Island, New York.
[Declaration of Raymond Pezzoli ("Pezzoli Dec.") ¶ 2]

21. Plaintiff Ray Pezzoli would like to purchase, possess and carry a stun gun or a taser in the City of New York, but he refrains from doing so because he fears that NYPD officers will arrest or otherwise prosecute him if he does so.
[Pezzoli Dec. ¶¶ 3, 9]

22. On August 10, 2021, Plaintiff Ray Pezzoli called his local NYPD precinct (120th) in Staten Island and spoke with someone named "Detective Cayenne," who he understood was a member of the Detective Squad. Mr. Pezzoli asked if it was legal to have a stun gun in New York City, and Detective Cayenne told him it was not legal.
[Pezzoli Dec. ¶ 7]

23. Since Plaintiff Ray Pezzoli spoke with his local NYPD precinct, nothing has happened that would change his understanding that NYPD officers will enforce the prohibitions against stun guns and tasers.
[Pezzoli Dec. ¶ 8]

24. Plaintiff Ray Pezzoli has never been convicted of a felony or confined to a mental institution. To the best of his knowledge, he is legally eligible to purchase and possess firearms under New York law and federal law.
[Pezzoli Dec. ¶ 10]

25. Plaintiff Amanda Kennedy is a 45 year old woman who currently lives in Bristol, Connecticut.
[Declaration of Amanda Kennedy ("Kennedy Dec.") ¶ 2]

26. Previously, Plaintiff Amanda Kennedy lived in Brooklyn, New York.
[Kennedy Dec. ¶ 2]

27. Plaintiff Amanda Kennedy continues to be in the City of New York on a regular basis, for both social reasons and for work. Both her agent and her recording studio are located in New York City.
[Kennedy Dec. ¶ 10]

28. Plaintiff Amanda Kennedy would like to purchase, possess and carry a stun gun or a taser in the City of New York, but she refrains from doing so because she fears that NYPD officers will arrest or otherwise prosecute her if she does so.
[Kennedy Dec. ¶¶ 9, 15]

29. When Plaintiff Amanda Kennedy lived in Brooklyn, she had a stun gun that she had purchased when she previously lived in California. On November 16, 2021, while driving her car in Brooklyn, Ms. Kennedy was involved in an incident in which a woman (on foot) became angry and hit her in the face, as well as hitting her car and causing a dent, and tried to pull the door of her car open. Ms. Kennedy had her stun gun with her, and she showed it to the woman to deter her from further attacking.
[Kennedy Dec. ¶ 3]

30. NYPD officers responded to the incident, and when they learned that Plaintiff Amanda Kennedy had a stun gun, they seized the stun gun and charged her with possessing a stun gun in violation of N.Y.C. Admin. Code § 10-135.
[Kennedy Dec. ¶¶ 4-5 & ex.]

31. On November 16, 2021, a NYPD officer issued Plaintiff Amanda Kennedy a "Criminal Court Appearance Ticket" that charged her with possessing a stun gun in violation of N.Y.C. Admin. Code § 10-135.
[Kennedy Dec. ¶¶ 4-5 & ex.]

32. Plaintiff Amanda Kennedy retained counsel in order to contest the charge.
[Kennedy Dec. ¶ 6]

33. On December 6, 2021, the New York and Kings County Criminal Court resolve the pending charge against Plaintiff Amanda Kennedy by means of an adjournment in contemplation of dismissal.
[Kennedy Dec. ¶ 7]

34. Nothing has happened since then (i.e. when NYPD officers charged her with unlawfully possessing a stun gun) that would change Plaintiff Amanda Kennedy's understanding that NYPD officers will enforce the prohibitions against stun guns and tasers.
    [Kennedy Dec. ¶ 14]

35. Plaintiff Amanda Kennedy has never been convicted of a felony or confined to a mental institution. To the best of her knowledge, she is legally eligible to purchase and possess firearms under New York law and federal law.
    [Kennedy Dec. ¶ 16]

36. During the year 2023, according to information posted by Defendant City on its "OpenData" website, NYPD officers arrested 2,229 individuals for violating subpart (1) of Penal Law §265.01.
    [Declaration of David D. Jensen, Esq. ("Jensen Dec.") ¶ 3 & ex. 1]

37. During the year 2022, according to information posted by Defendant City on its "OpenData" website, NYPD officers arrested 1,552 individuals for violating subpart (1) of Penal Law §265.01.
    [Jensen Dec. ¶ 4 & ex. 2]

38. During the year 2021, according to information posted by Defendant City on its "OpenData" website, NYPD officers arrested 1,307 individuals for violating subpart (1) of Penal Law §265.01.
    [Jensen Dec. ¶ 5 & ex. 3]

39. Defendants do not maintain records from which they can determine how many of the arrests for violating subpart (1) of Penal Law §265.01 concerned stun guns or tasers, vis-à-vis other items that this subpart prohibits.
    [Jensen Dec. ¶ 6 & ex. 4 at Interrogatory ¶ 2]

40. Defendants do not maintain records from which they can readily determine how many people they charged with violating New York City Administrative Code §10-135.
    [Jensen Dec. ¶ 6 & ex. 4 at Interrogatory ¶ 1]

41. The NYPD Police Student Guide identifies the "electronic dart gun" and "electronic stun gun" as being among the weapons for which "[n]o intent is required, so that the mere possession of [them] is a crime."
    [Jensen Dec. ¶ 7 & ex. 5 at p. 8]

42. The NYPD Police Student Guide includes both stun guns and tasers in a separate section that lists and includes pictures of weapons that Article 265 of the Penal Law prohibits.
    [Jensen Dec. ¶ 7 & ex. 5 at pp. 42-43]

43. In discovery, Defendants identified no evidence that could support the conclusion that stun guns are not in common use by law-abiding people for lawful purposes.
    [Jensen Dec. ¶ 6 & ex. 4 at Interrogatory ¶¶ 9, 11 & Request ¶¶ 5, 14]

44. Plaintiff Second Amendment Foundation ("SAF") is a non-profit member organization incorporated under the laws of the State of Washington with its principal place of business in Bellevue, Washington.
    [Declaration of Adam Kraut ("Kraut Dec.") ¶ 2]

45. Plaintiff SAF has over 720,000 supporters nationwide, including in the City and State of New York.
    [Kraut Dec. ¶ 3]

46. SAF's core purposes include promoting both the exercise of the right to keep and bear arms, as well as education, research, publishing, and legal action focusing on the constitutional right to privately own and possess firearms. SAF publishes three periodicals (The New Gun Week, Women and Guns, and The Gottlieb-Tartaro Report) and also publishes the academic publication Journal of Firearms and Public Policy. SAF promotes research and education on the consequences of abridging the right to keep and bear arms and on the historical grounding and importance of the right to keep and bear arms as one of the core civil rights of United States citizens.
    [Kraut Dec. ¶ 5]

47. Plaintiffs Nunzio Calce, Allen Chan, Shaya Greenfield, Ray Pezzoli and Amanda Kennedy are all members of Plaintiff SAF.
    [Calce Dec. ¶ 11; Chan Dec. ¶ 11; Greenfield Dec. ¶ 11; Kennedy Dec. ¶ 17; Kraut Dec. ¶ 4; Pezzoli Dec. ¶ 11]

48. Employees of SAF have spent a significant amount of time responding to requests from both members and supporters and the general public as a result of New York City's enforcement of the State and City laws prohibiting stun guns and tasers. SAF also spends time and money incidental to this litigation. All of these expenditures of time and money come at the expense of other priorities that SAF would otherwise pursue.
    [Kraut Dec. ¶ 8]

49. Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a nonprofit organization incorporated under the laws of Delaware with a place of business in Clark County, Nevada.
    [Declaration of Brandon Combs ("Combs Dec.") ¶ 2]

50. FPC has members in both the City and State of New York.
    [Combs Dec. ¶ 7]

51. FPC's mission is to defend and promote the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advance individual liberty, and restore freedom. FPC serves its members and the public through legislative and regulatory advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.
    [Combs Dec. ¶¶ 3, 6]

52. Plaintiffs Nunzio Calce, Allen Chan, Shaya Greenfield, Ray Pezzoli and Amanda Kennedy are all members of Plaintiff FPC.

[Calce Dec. ¶ 11; Chan Dec. ¶ 11; Combs Dec. ¶ 7; Greenfield Dec. ¶ 11; Kennedy Dec. ¶ 17; Pezzoli Dec. ¶ 11]

53. Members have contacted Plaintiff FPC to ask questions related to the legal status of stun guns and tasers in New York City, and in response, representatives of FPC have spent time, money and other resources answering questions and providing advice. Furthermore, members of both FPC may face criminal charges or other adverse action in the future on account of the allegation that they violated N.Y. Penal Law §265.01(1) and/or Administrative Code §10-135, and FPC may in that instance provide individuals with support in the form of advice and referrals to counsel.
[Combs Dec. ¶ 7, 9, 11, 13]

54. Plaintiff FPC assisted Plaintiff Amanda Kennedy in paying for the cost of hiring counsel to defend against her charge of possessing a stun gun in violation of N.Y.C. Administrative Code §10-135.
[Combs Dec. ¶ 12; Kennedy Dec. ¶ 6]

Dated: New York, New York
       March 1, 2024

DAVID JENSEN PLLC

By: /s/ David D. Jensen
    David D. Jensen, Esq.