UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NUNZIO CALCE; ALLEN CHAN; SHAYA GREENFIELD; AMANDA KENNEDY; RAYMOND PEZZOLI; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., | No. 21-cv-8208 (ER) |
| Plaintiffs, | |
| -against- | |
| CITY OF NEW YORK; and EDWARD A. CABAN, in his official capacity as Commissioner of the New York City Police Department, | |
| Defendants. | |

## DECLARATION OF ALLEN CHAN

I, Allen Chan, declare as follows:

1.      I am a plaintiff in this case. I am over 18 years of age and am competent to testify on my own behalf.

2.      I am 32 years old. I live in the Flushing neighborhood of Queens, New York. I am single and have no children.

3.      I would like to buy and keep both a taser and a stun gun for the purpose of protecting myself outside of my home.

4.      I understand that a stun gun is a close proximity device that requires direct contact to pass on electrical current to an assailant. A taser is a device that deploys darts to transport electrical current through wires to cause incapacitation.

5.      The reason that I would like to have both a stun gun and a taser is so that I can more options for self-defense in locations where I am prohibited from or would be unwise to carry a handgun on my person.  In particular, crime on the subway worries me and under the

CCIA, I am prohibited from carrying handguns on public transportation (NYCT, MNRR, LIRR) despite possessing a valid NYC CCW Permit. The crowded and enclosed nature of said environments also makes use of pepper spray difficult as the spray may inadvertently affect bystanders (even if carefully aimed). The likelihood of mistakenly hitting someone other than the assailant with an aimed taser dart(s) or with a stun gun is lower.

6.      It is my understanding that state law prohibits the possession of tasers, and that both state law and New York City law prohibit the possession of stun guns. It is also my understanding that the New York City Police Department enforces these laws.

7.      On several days in September and October of 2021, I called my local (109th) NYPD precinct in Flushing to ask if it was legal to have a stun gun or a taser in New York City. I left several messages, but never received a response. On the evening of October 28, 2021, I called the number for the precinct's Detective Squad and was able to speak with an officer. The officer told me that stun guns and tasers are illegal in New York City, but that he was not sure whether they are illegal under New York State law.

8.      This call confirmed my previous understanding that tasers and stun guns are illegal in New York City, and that NYPD officers will take action against people who possess stun guns or tasers. Nothing has happened since October 2021 to change this understanding.

9.      Because I understand that NYPD officers would charge me with unlawfully possessing a stun gun or taser if they found me in possession of one, I refrain from buying, possessing or carrying a stun gun or taser.

10.      I have never been convicted of a felony or confined to a mental institution. To the best of my knowledge, I am legally eligible to purchase and possess firearms under New York law and federal law.

-2-

11.    I am a member of the Second Amendment Foundation and the Firearms Policy

Coalition, which I understand are also plaintiffs in this case.

    I affirm all of the foregoing statements under penalty of perjury under the laws of the United States of America.

Dated: February 2 7, 2024

Allen Chan