UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NUNZIO CALCE; ALLEN CHAN; SHAYA GREENFIELD; AMANDA KENNEDY; RAYMOND PEZZOLI; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> CITY OF NEW YORK; and EDWARD A. CABAN, in his official capacity as Commissioner of the New York City Police Department, <br><br> Defendants. | No. 21-cv-8208 (ER) |

## **DECLARATION OF AMANDA KENNEDY**

I, Amanda Kennedy, declare as follows:

1. I am a plaintiff in this case. I am over 18 years of age and am competent to testify on my own behalf.

2. I am 45 years old, and I live in Bristol (Hartford County), Connecticut. Previously, I lived in Brooklyn, New York.

3. When I lived in Brooklyn, I had a stun gun that I had purchased previously, when I lived in California. On November 16, 2021, I was driving my car in Brooklyn, in traffic, when a woman accused me of blocking a crosswalk and became angry. The woman hit my car, causing a dent, and then tried to pull the door of my car open and hit me in the face, which caused visible swelling. I had my stun gun with me, and I showed it to the woman, told her to stop and attempted to leave.

-2-

4. Officers with the New York City Police Department responded, and when they learned that I had a stun gun, they seized the stun gun and charged me with possessing a stun gun in violation of N.Y.C. Admin. Code § 10-135.

5. A copy of the "Criminal Court Appearance Ticket" that the officers issued me is attached to this declaration.

6. I retained counsel in order to contest the charge. Firearms Policy Coalition, which I understand is a plaintiff in this case, helped me pay for the cost of hiring counsel.

7. On December 6, 2021 the New York and Kings County Criminal Court granted me an adjournment in contemplation of dismissal.

8. I never received my stun gun back.

9. I would like to be able to possess and carry a taser and a stun gun for the purpose of protecting myself when I am in New York City.

10. Although I now live in Connecticut, I am in New York City on a regular basis for work, as well as socially. Both my agent and my recording studio are located in New York City.

11. I understand that stun guns and tasers are weapons that deliver electrical shocks that normally disable a person for a few minutes, but do not cause permanent injury. Both deliver shocks when placed in contact with a person and activated, and a taser can also project contacts to deliver a shock from a few feet away.

12. The reason that I would like to have both a stun gun and a taser is to be able to protect myself. In particular, I like having a self-defense option that should stop someone who is violently attacking me, but without killing or seriously injuring them.

-3-

13. I understand that state law prohibits the possession of tasers, and that both state law and New York City law prohibit the possession of stun guns. It is also my understanding that the New York City Police Department enforces these laws.

14. The fact that NYPD officers charged me with unlawfully possessing a stun gun just confirms that NYPD officers will charge people who they find to be possessing stun guns or tasers. Nothing has happened since then that would change my understanding of this.

15. Because I understand that NYPD officers would charge me with unlawfully possessing a stun gun or taser if they found me in possession of one, I refrain from carrying or possessing a stun gun or taser while in the City of New York.

16. I have never been convicted of a felony or confined to a mental institution. To the best of my knowledge, I am legally eligible to purchase and possess firearms under New York law and federal law.

17. I am a member of the Second Amendment Foundation and the Firearms Policy Coalition, which I understand are also plaintiffs in this case.

> I affirm all of the foregoing statements under penalty of perjury under the laws of the United States of America.

Dated: February  29 , 2024

_____
Amanda Kennedy