UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NUNZIO CALCE; ALLEN CHAN; SHAYA GREENFIELD; AMANDA KENNEDY; RAYMOND PEZZOLI; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> CITY OF NEW YORK; and EDWARD A. CABAN, in his official capacity as Commissioner of the New York City Police Department, <br><br> Defendants. | No. 21-cv-8208 (ER) |

## **DECLARATION OF ADAM KRAUT**

I, Adam Kraut, declare as follows:

1.    I am the Executive Director of the Second Amendment Foundation ("SAF"), a Plaintiff in this action. I am authorized to testify on behalf of SAF as to the matters set forth in this Declaration. I am over 18 years of age and am competent to testify on my own behalf.

2.    SAF is a not-for-profit corporation organized under Washington law and recognized under section 501(c)(3) of the Internal Revenue Code. SAF's principal place of business is in Bellevue, Washington. SAF maintains a web page at http://www.saf.org.

3.    SAF has over 720,000 supporters nationwide, including in both the City and State of New York.

4.    The individual Plaintiffs in this case—Nunzio Calce, Allen Chan, Shaya Greenfield, Ray Pezzoli and Amanda Kennedy—are members of SAF.

5.    SAF's core purposes include promoting both the exercise of the right to keep and bear arms, as well as education, research, publishing, and legal action focusing on the

constitutional right to privately own and possess firearms. SAF publishes three periodicals (The New Gun Week, Women and Guns, and The Gottlieb-Tartaro Report) and also publishes the academic publication Journal of Firearms and Public Policy. SAF promotes research and education on the consequences of abridging the right to keep and bear arms and on the historical grounding and importance of the right to keep and bear arms as one of the core civil rights of United States citizens.

6. One of the core purposes of SAF is to promote legal action on behalf of the constitutional right to keep and bear arms. Among other cases, SAF was a party to, and sponsor of, *McDonald v. Chicago*, 561 U.S. 742 (2010), *Moore v. Madigan*, 702 F. 3d 93 (7th Cir. 2012) and *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011).

7. SAF is participating in this case on behalf of its members and supporters.

8. SAF is also participating in this case on its own behalf to rectify the losses, damages and other injuries caused to it by Defendants' enforcement of the State and City laws prohibiting stun guns and tasers. As a result of this enforcement, employees of SAF have spent time responding to requests from both members and supporters and the general public. SAF also spends time and money incidental to this litigation. All of these expenditures of time and money come at the expense of other priorities that SAF would otherwise pursue.

9. If the Defendants are not enjoined from enforcing the New York State and City laws that prohibit stun guns and tasers, additional harm will result in the form of ongoing damages to SAF and its members, and to similarly situated members of the public.

Dated: March 1, 2024

_____
Adam Kraut