UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NUNZIO CALCE; ALLEN CHAN; SHAYA GREENFIELD; AMANDA KENNEDY; RAYMOND PEZZOLI; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br>                              Plaintiffs, <br><br>         -against- <br><br>CITY OF NEW YORK; and EDWARD A. CABAN, in his official capacity as Commissioner of the New York City Police Department, <br><br>                              Defendants. | No. 21-cv-8208 (ER) |

## DECLARATION OF BRANDON COMBS

I, Brandon Combs, declare as follows:

1. I am the President of Firearms Policy Coalition, Inc. ("FPC"), a Plaintiff in this action. I am authorized to testify on behalf of FPC as to the matters set forth in this Declaration. I am over 18 years of age and am competent to testify on my own behalf.

2. FPC is a nonprofit membership organization incorporated in Delaware with a primary place of business in Clark County, Nevada.

3. FPC's mission is to defend and promote the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advance individual liberty, and restore freedom.

4. FPC's purposes are: To create a world of maximal human liberty and freedom; to promote and protect individual liberty, private property, and economic freedoms; and, to conduct all other activities as permissible under law.

5.  FPC further seeks to: Protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms; Protect, defend, and advance the means and methods by which individuals may exercise their rights, including but not limited to the acquisition, transportation, exhibition, carry, care, use, and disposition of arms; Foster and promote the shooting sports and all lawful uses of arms; and, Foster and promote awareness of, and public engagement in, all of the above.

6.  FPC serves its members and the public through legislative and regulatory advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

7.  FPC has members in both the City and State of New York. The individual Plaintiffs in this case—Nunzio Calce, Allen Chan, Shaya Greenfield, Ray Pezzoli and Amanda Kennedy—are members of FPC.

8.  FPC members have contacted our organization with questions and concerns about the legal status of stun guns and tasers in New York City.

9.  FPC has also designed and implemented a New York Hotline program, accessible to FPC's members and the public at https://www.firearmspolicy.org/nyhotline. With the New York Hotline, FPC is receiving and responding to questions and providing information to its New York members and the public. FPC will incur ongoing expenses to operate the Hotline, including internal FPC staff time and expenses related to outside counsel who are contracted into the future to continue to assist with the Hotline. FPC expects to continue to be required to expend additional resources addressing New York's laws affecting the right to keep and bear arms unless and until New York's unconstitutional laws are enjoined.

10. FPC is participating in this case on behalf of its members, including the named Plaintiffs and similarly situated FPC members in the City and State of New York.

11. FPC has and continues to expend and divert resources, and has been and continues to be adversely and directly harmed, because of Defendants' enforcement of the New York State and City laws that prohibit stun guns and tasers.

12. Among other things, FPC assisted Plaintiff Amanda Kennedy in paying for counsel to defend against a charge that she violated §10-135 of the New York City Administrative Code by possessing a stun gun.

13. Aside from participating in this case on behalf of its members, FPC is also participating in this case on its own behalf to rectify the losses, damages, and other injuries caused to it by Defendants' enforcement of the New York State and City laws that prohibit stun guns and tasers. FPC has spent and continues to spend a significant amount of time responding to requests from the public, and it also spends both time and financial resources making pertinent information available. All of these expenditures of time and money come at the expense of other priorities that FPC would otherwise pursue.

14. If the Defendants are not enjoined from enforcing the New York State and City laws that prohibit stun guns and tasers, additional harm will result in the form of ongoing damages to FPC and its members, and similarly situated members of the public.

Dated: March 1, 2024

_____
Brandon Combs