IN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NUNZIO CALCE, et al.,

                                      Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

                                      Defendants.

------------------------------------------------------------------------ X

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

21-cv-8208 (ER)

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendants City of New York and Dermot Shea, in his official capacity as Commissioner of the New York City Police Department[1] ("Defendants" or "the City") respond and object to plaintiffs' Initial Request for Interrogatories and Request for Production of Documents as follows:

**GENERAL STATEMENT**

1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

---

[1] Dermot Shea is no longer the Commissioner of the NYPD; Commissioner Edward Caban is the current Commissioner of the NYPD.

2. Defendants object to this Interrogatory and Document Request to the extent that they demand documents and/or information that are protected by the attorney-client or work-product privilege, or that constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. The inadvertent production of any privileged document shall not be deemed a waiver of any applicable privilege with respect to that document or any other document or information. Should any document be inadvertently produced, defendants hereby invoke the right to claw it back.

4. Defendants object in its entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5. Defendants object to the discovery requests at this stage of the litigation to the extent that they seek to alter, expand or otherwise modify the obligations, requirements and definitions imposed by prior Orders of the Court.

6. Defendants object to the discovery requests to the extent they are inconsistent with Local Rule 33.3.

7. Defendants further object in its entirety to the interrogatories to the extent that they seek the telephone numbers of individuals identified by the parties in response to the Interrogatories.

.

8. With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if any privilege applies.

9. Defendants are continuing to search for information responsive to plaintiffs' requests and therefore reserve the right to supplement their responses to each request with additional information, if and when such information becomes available to plaintiffs' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

10. All responses are provided upon information and belief based on review of records of the City of New York and conversations with employees of the City of New York.

## *RESPONSES AND OBJECTIONS TO INTERROGATORIES*

### INTERROGATORY NO. 1:

**From January 1, 2017 to the present, state the number of Individuals that you have charged with unlawfully possessing Stun Guns in violation of NYC Administrative Code ("Administrative Code") § 10-135 during each calendar month, including: (a) the number of charges in each police precinct; (b) the number of charges instituted by arrest; and (c) the number of charges initiated by desk appearance ticket or summons.**

### GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is outside the scope of Local Rule 33.3. Local Rule 33.3 provides in part that: "… at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action… and the existence, custodian, location and general description of relevant documents…." Interrogatory No. 1 is inconsistent with this Rule. Subject to their general and specific objections, Defendants aver that they do not possess documents responsive to this interrogatory, as the NYPD does not readily maintain any records concerning the specific provision of the Administrative Code with which a defendant is charged.

Defendants further object to Interrogatory No. 1 on the grounds that the request is unduly burdensome and not proportional to the needs of the case because NYPD does not keep records in the form requested by Plaintiff. Members of the NYPD would be required to look up individual arrest reports to determine if an arrestee was charged with a violation of Administrative Code § 10-135 from January 1, 2017 to the present. To the extent such information may become available, Defendants reserve the right to update and supplement this response.

### INTERROGATORY NO. 2:

**From January 1, 2017 to present, state the number of Individuals that you have charged with unlawfully possessing Stun Guns in violation of NY Penal Law ("PL") § 265.01(1) during each calendar month, including: (a) the number of charges in each police precinct; (b) the number of charges instituted by arrest; and (c) the number of charges initiated by desk appearance ticket or summons.**

### GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 2:

Defendants object to Interrogatory No. 2 on the grounds that it is outside the scope of Local Rule 33.3. Local Rule 33.3 provides in part that: "… at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action… and the existence, custodian, location and general description of relevant documents…." Interrogatory No. 2 is inconsistent with this Rule. Subject to their general and specific objections, Defendants aver that they do not possess documents responsive to this interrogatory, as the NYPD does not readily maintain any records concerning the specific provision of the Administrative Code with which a defendant is charged. Defendants further object to Interrogatory No. 2 on the grounds that the request is unduly burdensome and not proportional to the needs of the case because NYPD does not keep records in the form requested by Plaintiff. Members of the NYPD would be required to look up individual arrest reports to determine if an arrestee was charged with a violation of Penal Law § 265.01(1)

from January 2017 to the present. To the extent such information may become available, Defendants reserve the right to update and supplement this response.

## INTERROGATORY NO. 3:

**From January 1, 2017 to present, state the number of Individuals that you have charged with unlawfully possessing Tasers in violation of NY Penal Law ("PL") § 265.01(1) during each calendar month, including: (a) the number of charges in each police precinct; (b) the number of charges instituted by arrest; and (c) the number of charges initiated by desk appearance ticket or summons.**

## GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 3:

Defendants object to Interrogatory No. 3 on the grounds that it is outside the scope of Local Rule 33.3. Local Rule 33.3 provides in part that: "… at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action… and the existence, custodian, location and general description of relevant documents…." Interrogatory No. 3 is inconsistent with this Rule. Subject to their general and specific objections, Defendants aver that they do not maintain any data concerning the type of weapon an alleged defendant is charged with possessing in violation of PL § 265.01. Defendants further object to Interrogatory No. 3 on the grounds that the request is unduly burdensome and not proportional to the needs of the case because NYPD does not keep records in the form requested by Plaintiff. Members of the NYPD would be required to look up individual arrest reports to determine if an arrestee was charged with a violation of Penal Law § 265.01(1) from January 2017 to the present. To the extent such information may become available, Defendants reserve the right to update and supplement this response.

## INTERROGATORY NO. 4:

**Identify all Documents that you have used to train police department personnel that relate to the enforcement of laws prohibiting Stun Guns and/or Tasers (including but**

not limited to documents that explain the attributes of Stun Guns and/or Tasers and that include procedures for investigating potential violations or initiating charges) from January 1, 2017 to present.

**GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 4:**

Defendants refer Plaintiffs to the documents annexed hereto, Bates stamped as "NYC000001" through "NYC000058," which are Sections 15 and 15a of the NYPD Police Student Guide. Section 15 is entitled "Weapons Offenses," and Section 15a is entitled "Handgun Licenses and Weapons."

**INTERROGATORY NO. 5:**

**Identify all Individuals who have been involved in preparing or approving training materials or curriculum that relate to the enforcement of laws prohibiting Stun Guns and/or Tasers from January 1, 2017 to present.**

**GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 5:**

Defendants aver that the NYPD's Training Bureau authored the documents referred to herein as "NYC000001" through "NYC000058."

**INTERROGATORY NO. 6:**

**Identify all portions of the Patrol Manual (and any other similar Documents) that relate to the enforcement of laws prohibiting Stun Guns and/or Tasers (including but not limited to documents that explain the attributes of Stun Guns and/or Tasers, procedures for investigating potential violations, and procedures for initiating charges) from January 1, 2017 to present.**

**GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 6:**

Defendants aver that there are no portions of the NYPD Patrol Guide that specifically relate to the enforcement of laws prohibiting Stun Guns and/or Tasers. Defendants refer Plaintiffs to Bates stamped documents "NYC000059" to "NYC000060" for Patrol Guide Procedure No. 208-01, which concerns arrests generally.

**INTERROGATORY NO. 7:**

**Identify all Individuals who have been involved in preparing or approving Patrol Manual provisions (and any other similar Documents) that relate to the enforcement of laws prohibiting Stun Guns and/or Tasers from January 1, 2017 to present.**

**GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 7:**

Defendants aver that the NYPD's Office of Management and Planning authored the documents referred to herein as "NYC000059" through "NYC000060."

**INTERROGATORY NO. 8:**

**Identify any and all changes to your laws, policies, customs, or practices related to the enforcement of laws prohibiting Stun Guns and/or Tasers that have taken place from January 1, 2017 to present, including any Documents pertinent to such changes.**

**GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 8:**

Defendants aver that there has been no change to the law, policy, custom, or practice relating to the enforcement of laws prohibiting Stun Guns and/or Tasers since January 1, 2017.

**INTERROGATORY NO. 9:**

**Identify any studies, research, or publications that concern laws and policies that prohibit or restrict Stun Guns and/or Tasers or that you may rely upon to justify any laws, policies, customs, practices, or procedures that relate to prohibiting or restricting Stun Guns and/or Tasers.**

**GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 9:**

Defendants aver that they are unaware of any of the studies, research, or publications referred to in Interrogatory No. 9.

**INTERROGATORY NO. 10:**

**Identify all Individuals you may call as witnesses or whose testimony you may otherwise rely upon (e.g., in relation to any motion).**

**GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 10:**

Defendants aver that they are unaware of potential witnesses at this time, however Defendants reserve the right to update and supplement this response.

**INTERROGATORY NO. 11:**

**Identify all Documents you may seek to introduce as evidence or that you may otherwise rely upon (i.e., at any trial or hearing or in relation to any motion).**

**GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 11:**

Defendants refer Plaintiffs to the documents annexed hereto as "NYC000001" through "NYC000063," however Defendants reserve the right to update and supplement this response.

**INTERROGATORY NO. 12:**

**Identify all Individuals or Entities (or other Persons) who should be joined in this action as defendants or as third-party defendants, including a description of each such Individual's (or Entity's or other Person's) involvement.**

**GENERAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 12:**

Defendants aver that they are unaware of other individuals or entities who should be joined in this action as defendants or third-party defendants.

## *RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS*

### DOCUMENT REQUEST NO. 1:

**All training materials that pertain to or address Stun Guns and/or Tasers, which have been used at any point from January 1, 2017 to present.**

### GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 1:

Defendants refer Plaintiffs to the documents annexed hereto as Bates stamps "NYC000001" through "NYC000058."

### DOCUMENT REQUEST NO. 2:

**All portions of the NYPD Patrol Guide that pertain to or address Stun Guns and/or Tasers, which have been used at any point from January 1, 2017 to the present.**

### GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 2:

Defendants aver that there are no documents responsive to Document Request No. 2.

### DOCUMENT REQUEST NO. 3:

**Otherwise, all Documents that set forth polices, practices, or procedures pertaining to the enforcement of laws prohibiting or restricting Stun Guns and/or Tasers, which have been used at any point from January 1, 2017 to present.**

### GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 3:

Defendants refer Plaintiffs to the documents annexed hereto as Bates stamp "NYC000059" through "NYC000060."

### DOCUMENT REQUEST NO. 4:

**All documents related to any changes to your laws, policies, customs, or practices related to the enforcement of laws prohibiting Stun Guns and/or Tasers that have taken place from January 1, 2017 to present.**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 4:**

Defendants aver that there are no documents responsive to Document Request No. 4.

**DOCUMENT REQUEST NO. 5:**

**All documents that are studies, research, or publications that concern laws and policies that prohibit or restrict Stun Guns and/or Tasers or that you may rely upon to justify any laws, policies, customs, practices, or procedures that relate to prohibiting or restricting Stun Guns and/or Tasers.**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 5:**

Defendants aver that they are unaware of any documents responsive to Document Request No. 5.

**DOCUMENT REQUEST NO. 6:**

**All documents that pertain to any contact that took place on or about September 7, 2021, between Plaintiff Nunzio Calce and "Officer Ju" (or anyone else) at the 49th Precinct of the NYPD (as alleged in the Am. Compl. ¶ 27).**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 6:**

Defendants aver that they are unaware of any documents responsive to Document Request No. 6.

**DOCUMENT REQUEST NO. 7:**

**All documents that pertain to any contact that took place on or about October 28, 2021, between Plaintiff Allen Chan and a member of the Detective Squad (or anyone else) at the 109th Precinct of the NYPD (as alleged in the Am. Compl. ¶ 30).**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 7:**

Defendants aver that they are unaware of any documents responsive to Document Request No. 7.

**DOCUMENT REQUEST NO. 8:**

**All documents that pertain to any contact that took place on or about September 27, 2021, between Plaintiff Shaya Greenfield and a member of the Detective Squad (or anyone else) at the 102nd Precinct of the NYPD (as alleged in the Am. Compl. ¶ 33).**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 8:**

Defendants aver that they are unaware of any documents responsive to Document Request No. 8.

**DOCUMENT REQUEST NO. 9:**

**All documents that pertain to any contact that took place on or about August 10, 2021, between Plaintiff Raymond Pezzoli and "Detective Cayenne" (or anyone else) at the 120th Precinct of the NYPD (as alleged in the Am. Compl. ¶ 39).**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 9:**

Defendants aver that they are unaware of any documents responsive to Document Request No. 9.

**DOCUMENT REQUEST NO. 10:**

**All documents that relate to any charges initiated against Plaintiff Amanda Kennedy on or about November 16, 2021 in Brooklyn (as alleged in the Am. Compl. ¶ 36).**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 10:**

Defendants refer Plaintiffs to the documents annexed hereto as Bates stamp "NYC000061" through "NYC000063." Defendants note that personally identifying information has been redacted from this document.

**DOCUMENT REQUEST NO. 11:**

**All documents you identified or referenced in response to Plaintiffs' Interrogatories.**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 11:**

Defendants refer Plaintiffs to the documents annexed hereto as "NYC000001" through "NYC000063."

**DOCUMENT REQUEST NO. 12:**

**All statements from any Individual you may call as a witness or whose testimony you may otherwise rely upon (e.g. in relation to any motion).**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 12:**

Defendants do not have any such statements at this time, however Defendants reserve the right to update and supplement this response.

**DOCUMENT REQUEST NO. 13:**

**All statements from any Plaintiff.**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 13:**

Defendants refer Plaintiffs to the documents annexed hereto as Bates stamp "NYC000061" through "NYC000063." Should additional documents become available, Defendants reserve the right to update and supplement this response.

**DOCUMENT REQUEST NO. 14:**

**All Documents you may seek to introduce as evidence or that you may otherwise rely upon (i.e. at any trial or hearing or in relation to any motion).**

**GENERAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST NO. 14:**

Defendants refer Plaintiffs to the documents annexed hereto as "NYC000001" through "NYC000063." Should additional documents become available, Defendants reserve the right to update and supplement this response.

Dated:        New York, New York
              August 25, 2023

                                        **HON. SYLVIA HINDS-RADIX**
                                        Corporation Counsel of the City of
                                             New York
                                        Attorney for Defendants
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2183
                                        sschonfe@law.nyc.gov


                                 By:    *Samantha Schonfeld /s/*
                                           Samantha Schonfeld
                                           Assistant Corporation Counsel


TO:        Plaintiffs' Counsel via email

**VERIFICATION**

**SAMANTHA SCHONFELD**, being duly sworn, says that she has been duly designated as Assistant Corporation Counsel of the City of New York, and as such that she is an officer of the City of New York in the within action.  That the foregoing Defendants' Responses and Objections to Plaintiffs' Interrogatories and Responses and Objections to Plaintiffs' Document Requests are true to the best of her knowledge upon information and belief.  Deponent further says that the reason why this verification is not made by the City of New York is that it is a municipal corporation; that the grounds of her belief as to all matters are as follows: Information obtained from books and records of the City of New York, including the NYPD, and from statements made by certain officers, agents, or employees of the City of New York.

                                                                                                     _*Samantha Schonfeld*_
                                                                                                         Samantha Schonfeld