APPROVAL # 31

CHAPTER 264

LAWS OF 19 90 _____ MEMORANDUM NO.

SENATE BILL 5301 ASSEMBLY BILL

5301

1989-1990 Regular Sessions

# IN SENATE

May 10, 1989

Introduced by Sen. VOLKER -- read twice and ordered printed, and when printed to be committed to the Committee on Codes

AN ACT to amend the penal law, in relation to offenses involving electronic stun guns

IN THE ASSEMBLY BY A. 5398-A    Conners (ms)

DATE RECEIVED BY GOVERNOR:

ACTION MUST BE TAKEN BY:

DATE GOVERNOR'S ACTION TAKEN:

JUN 24 1990

000002

SENATE VOTE __50__ Y __9__ N

DATE __4·4·90__

ASSEMBLY VOTE __120__ Y __23__ N

DATE __6 | 13 | 90__

HOME RULE MESSAGE ____ Y __✓__ N

BILL IS DISAPPROVED

DATE _____

COUNSEL TO THE GOVERNOR

S. 5301

## NEW YORK STATE ASSEMBLY
### TWO HUNDRED THIRTEENTH SESSION

REPRINT
DATE: 06/13/90

DATE: 06/13/1990
TIME: 05:39:04 PM

BILL: S5301     (A5398-A)     R.R. NO: 554     SPONSOR: VOLKER

Includes possession of an electronic stun gun within crime of criminal possession of a weapon in the fourth degree

| Vote | Member | Vote | Member | Vote | Member |
|---|---|---|---|---|---|
| Y | Abbate PJ | Y | Gantt DF | NAY | Ortloff C |
| Y | Abramson E | Y | Genovesi AJ | Y | O'Shea CJ |
| NAY | Anderson RR | Y | Gottfried RN | Y | Parment WL |
| Y | Balboni MA | Y | Graber VJ | Y | Parola FE |
| Y | Barbaro FJ | Y | Grannis A | Y | Passannante WF |
| Y | Barnett HW | ABS | Green RL | Y | Pataki GE |
| Y | Barraga TF | Y | Greene A | Y | Pheffer Al |
| Y | Becker GR | Y | Griffith E | Y | Pillittere JT |
| NAY | Behan JL | Y | Harenberg PE | Y | Pordum FJ |
| Y | Bennett LE | ABS | Harris GH | NAY | Prescott LW |
| Y | Bianchi IW | Y | Hasper J | Y | Proskin AW |
| Y | Bonacic JJ | Y | Hawley RS | NAY | Proud G |
| Y | Boyland WF | Y | Healey PB | NAY | Rappleyea CD |
| NAY | Bragman MJ | EOR | Hevesi AG | Y | Reynolds TM |
| Y | Brennan JF | Y | Hikind D | Y | Robach RJ |
| Y | Brodsky RL | Y | Hill EH | Y | Rosado D |
| Y | Brown HC | Y | Hillman MC | Y | Saland SM |
| Y | Bush WE | Y | Hinchey MD | Y | Sanders S |
| Y | Butler DJ | Y | Holland JR | Y | Sawicki J |
| Y | Canestrari RJ | Y | Hoyt WB | Y | Schimminger RL |
| NAY | Casale AJ | Y | Jacobs RS | Y | Schmidt FD |
| Y | Catapano TF | Y | Jenkins C | Y | Seabrook L |
| NAY | Chesbro RT | Y | Kaufman SB | NAY | Sears WR |
| Y | Clark BM | Y | Keane RJ | Y | Seminerio AS |
| Y | Cochrane JC | NAY | Kelleher NW | Y | Siegel MA |
| Y | Colman S | Y | King RL | Y | Silver S |
| Y | Connelly EA | Y | Koppell GO | Y | Singer CD |
| Y | Conners RJ | Y | Lafayette IC | Y | Straniere RA |
| Y | Conte JD | EOR | Larkin WJ | Y | Sullivan EC |
| Y | Cooke AT | NAY | Lasher HL | Y | Sullivan PM |
| NAY | Coombe RI | Y | Leibell FL | Y | Sweeney RK |
| Y | Crowley J | Y | Lentol JR | Y | Tallon JR |
| NAY | D'Andrea RA | Y | Lopez VJ | NAY | Talomie FG |
| Y | Daniels GL | Y | Luster MA | NAY | Tedisco J |
| Y | Davidson DR | Y | Madison GH | Y | Tocci RC |
| Y | Davis G | Y | Marshall HM | Y | Tokasz P |
| Y | Dearie JC | Y | Martinez I | Y | Tonko PD |
| Y | Del Toro A | Y | Mayersohn N | EOR | Vann A |
| Y | Diaz HL | Y | McCann JW | Y | Vitaliano EN |
| Y | DiNapoli TP | Y | McGee PK | NAY | Warren GE |
| Y | Dugan EC | NAY | Miller RH | Y | Weinstein HE |
| NAY | Eannace RJ | Y | Murphy MJ | Y | Weisenberg H |
| Y | Eve AO | Y | Murtaugh JB | Y | Weprin S |
| Y | Farrell HD | Y | Nadler J | Y | Wertz RC |
| Y | Faso JJ | EOR | Nagle JF | NAY | Winner GH |
| Y | Feldman D | Y | Nolan CT | Y | Yevoli LJ |
| Y | Flanagan JJ | Y | Norman C | Y | Young GP |
| Y | Friedman G | NAY | Nortz HR | Y | Zaleski TM |
| NAY | Frisa D | Y | Nozzolio MF | Y | Zimmer MN |
| Y | Gaffney RJ | NAY | O'Neil JG | | Mr. Speaker |

YEAS: 120          NAYS: 23

CONTROL: 35526004          CERTIFICATION: /S/ FRANCINE M. MISASI
CLERK OF THE ASSEMBLY

LEGEND: Y=YES,NAY=NO,NV=ABSTAIN,ABS=ABSENT,
ELB=EXCUSED FOR LEGISLATIVE BUSINESS,EOR=EXCUSED FOR OTHER REASONS.

000003

**1990**

# SENATE

The Senate Bill by Sen. *VOLKER*    Calendar No. *296*    Senate No. *5301*    Assem. Rept. No._____
Entitled: "

An act to amend the penal law, in relation to offenses involving electronic stun guns

DEBATE WAS HAD THEREON

"was read the third time

The President put the question whether the Senate would agree to the final passage of said bill, the same having been printed and upon the desks of the members in its final form at least three calendar legislative days, and it was decided in the affirmative, a majority of all the Senators elected voting in favor thereof and three-fifths being present, as follows:

| AYE | Dist. | | NAY | AYE | Dist. | | NAY |
|---|---|---|---|---|---|---|---|
| | 17 | Mr. Babbush | | | 21 | Mr. Markowitz | |
| | 33 | | | | 58 | Mr. Masiello | |
| | 43 | Mr. Bruno | | | 46 | Mr. McHugh | ____ |
| | 25 | Mr. Connor | | | 23 | Mr. Mega | ____ |
| | 40 | Mr. Cook | ____ | | 30 | Mrs. Mendez | |
| | 61 | Mr. Daly | | | 22 | Ms. Montgomery | |
| | 47 | Mr. Donovan | | | 42 | Mr. Nolan | |
| | 44 | Mr. Farley | | | 27 | Mr. Ohrenstein | |
| | 31 | Mr. Galiber | | | 14 | Mr. Onorato | |
| | 13 | Mr. Gold | | | 36 | Mrs. Oppenheimer | |
| | 32 | Mr. Gonzalez | | | 11 | Mr. Padavan | |
| | 37 | Mrs. Goodhue | ____ | | 29 | Mr. Paterson | |
| | 26 | Mr. Goodman | | | 54 | Mr. Perry | |
| | 39 | Mr. Gray | | | 56 | Mr. Present | |
| | 18 | Mr. Halperin | | | 55 | Mr. Quattrociocchi | |
| | 6 | Mr. Hannon | ____ | | 41 | Mr. Rolison | |
| | 48 | Ms. Hoffmann | ____ | | 50 | Mr. Seward | |
| | 10 | Mr. Jenkins | ____ | | 60 | Mr. Sheffer | |
| | 4 | Mr. Johnson | ____ | | 9 | Mr. Skelos | |
| | 53 | Mr. Kehoe | | | 20 | Miss Smith | |
| | 52 | Mr. Kuhl | | | 19 | Mr. Solomon | |
| | 2 | Mr. Lack | | | 35 | Mr. Spano | |
| | 1 | Mr. LaValle | EXCUSED | | 57 | Mr. Stachowski | |
| | 28 | Mr. Leichter | | | 45 | Mr. Stafford | |
| | 38 | Mr. E. Levy | ____ | | 12 | Mr. Stavisky | |
| | 8 | Mr. N. Levy | | | 3 | Mr. Trunzo | |
| | 51 | Mr. Libous | | | 7 | Mr. Tully | |
| | 49 | Mr. Lombardi | | | 34 | Mr. Velella | |
| | 15 | Mr. Maltese | | | 59 | Mr. Volker | ____ |
| | 24 | Mr. Marchi | | | 16 | Mr. Weinstein | ____ |
| | 5 | Mr. Marino | | | | | |

AYES *50*

NAYS *9*

Ordered, that the Secretary deliver said bill to the Assembly and request its concurrence therein.

**1990**

# SENATE

The Senate Bill by Sen. **VOLKER**    Calendar No. **296**    Senate No. **5301**    Assem. Rept. No. _____

Entitled: "

> S. 5301    VOLKER
>
> An  act to amend the penal law, in relation to offenses involving electronic stun guns

"was read the third time

The President put the question whether the Senate would agree to the final passage of said bill, the same having been printed and upon the desks of the members in its final form at least three calendar legislative days, and it was decided in the affirmative, a majority of all the Senators elected voting in favor thereof and three-fifths being present, as follows:

| AYE | Dist. | | NAY | AYE | Dist. | | NAY |
|---|---|---|---|---|---|---|---|
| | 17 | Mr. Babbush | | | 21 | Mr. Marko | |
| | 33 | | | | 58 | Mr. Masiello | |
| | 43 | Mr. Bruno | | | 46 | Mr. McHugh | |
| | 25 | Mr. Connor | EXCUSED | | 23 | Mr. Mega | |
| | 40 | Mr. Cook | | | 30 | Mrs. Mendez | |
| | 61 | Mr. Daly | | | 22 | Ms. Montgomery | |
| | 47 | Mr. Donovan | EXCUSED | | 42 | Mr. Nolan | |
| | 44 | Mr. Farley | | | 27 | Mr. Ohrenstein | |
| | 31 | Mr. Galiber | | | 14 | Mr. Onorato | |
| | 13 | Mr. Gold | EXCUSED | | 36 | Mrs. Oppenheimer | |
| | 32 | Mr. Gonzalez | | | 11 | Mr. Padavan | |
| | 37 | Mrs. Goodhue | | | 29 | Mr. Paterson | |
| | 26 | Mr. Goodman | | | 54 | Mr. Perry | |
| | 39 | Mr. Gray | | | 56 | Mr. Present | |
| | 18 | Mr. Halperin | | | 55 | Mr. Quattrociocchi | |
| | 6 | Mr. Hannon | | | 41 | Mr. Rolison | |
| | 48 | Ms. Hoffmann | | | 50 | Mr. Seward | |
| | 10 | Mr. Jenkins | EXCUSED | | 60 | Mr. Sheffer | |
| | 4 | Mr. Johnson | | | 9 | Mr. Skelos | |
| | 53 | Mr. Kehoe | | | 20 | Miss Smith | |
| | 52 | Mr. Kuhl | | | 19 | Mr. Solomon | |
| | 2 | Mr. Lack | | | 35 | Mr. Spano | |
| | 1 | Mr. LaValle | | | 57 | Mr. Stachowski | |
| | 28 | Mr. Leichter | | | 45 | Mr. Stafford | |
| | 38 | Mr. E. Levy | | | 12 | Mr. Stavisky | EXCUSED |
| | 8 | Mr. N. Levy | | | 3 | Mr. Trunzo | |
| | 51 | Mr. Libous | | | 7 | Mr. Tully | |
| | 49 | Mr. Lombardi | | | 34 | Mr. Velella | |
| | 15 | Mr. Maltese | | | 59 | Mr. Volker | |
| | 24 | Mr. Marchi | | | 16 | Mr. Weinstein | |
| | 5 | Mr. Marino | | | | | |

**AYES 55**

**NAYS 0**

Ordered, that the Secretary deliver said bill to the Assembly and request its concurrence therein.



C-264            S-5301

B-203 (12/75)        BUDGET REPORT ON BILLS        Session Year 1990

**SENATE**                NO RECOMMENDATION        **ASSEMBLY**

No.    5301                                        No.

Law:    Penal Law

Title:  <u>AN ACT to amend the above law, in relation to offenses involving electronic stun guns</u>


    The above bill has been referred to the Division of the Budget for comment.  After careful review, we find that the bill has no appreciable effect on State finances or programs, and this office does not have the technical responsibility to make a recommendation on the bill.

    We therefore make no recommendation.


000006

Senator Dale M. Volker                                      S. 5301

## MEMORANDUM IN SUPPORT

> An Act to amend the penal
> law, in relation to
> offenses involving
> electronic stun guns

## Purpose

This bill would make the possession of an electronic stun gun a
crime. Stun guns would be put in the classification as a weapon.

## Summary of Provisions

Adds a new subdivision 15(c) of the Penal Law, as added by
Chapter 217 of the Laws of 1976 and amends subdivision 1 of
Section 265.01 of the Penal Law, as amended by Chapter 220 of the
Laws of 1988, to include electronic stun gun. Posession of an
electronic stun gun would be a criminal offense in the fourth
degree.

## Justification

Stun guns, which are described as hand-held weapons that
administer high-voltage, low-amperage charges, have shown up
across the State in a variety of confrontational circumstances,
such as experienced by police officers in domestic disputes.
Local police previously have had no cause of action when faced
with stun guns. This legislation will alleviate past problems
and allow officers to make an arrest for possession.

## Effective Date

The first day of November after it becomes law.

*A.5398-A*

New York State Assembly
Memorandum in Support of Legislation
submitted in accordance with Assembly Rule III, para.1.(e)

Bill Number: A.5398A   S.5301A        /_____/ memo on original draft
                                       /x   / memo on amended bill

Sponsors: Members of Assembly: Richard J. Conners

Senators: Dale Volker

Introduced at the request of: _____

Title of Bill: AN ACT to amend the penal law,in relation to
    offenses involving electronic stun gun.


Purpose or General Idea of Bill: This bill would make the
    possession of an electronic stun gun a crime.   Stun guns
    would be put in the classification as a weapon.


Summary of Specific Provisions: Section 265.01 of the penal law
    is amended by adding a new subdivision 15c and subdivision 1
    of section 265.01 of the penal law, as amended by Chapter
    220 of the Laws of 1988 is amended.


Effects of Present Law Which This Bill Would Alter: Possession of
    an electronic stun gun would be a criminal offense in the
    fourth degree.

Justification: During August 18, 1988 a county worker shocked
    two fellow female co-workers with an electrical stun gun.   A
    stun gun is a hand-held weapon that administers a high-
    voltage, low-amperage charge, either by placing it directly
    on the victim's body or through wires attached to date that
    are fired at the victim.   Current state law does not
    specifically outlaw stun guns used in this incident.

Prior Legislative History:1989:A5398A: Cal. #197
                               S5301A:Rules

Fiscal Implications for State and Local Government: None

Effective Date: The first day of November next succeeding the
    date on which it shall have become law.

*SB* *S- 5301*



THE SENATE
STATE OF NEW YORK
ALBANY 12247

DALE M VOLKER
59TH DISTRICT
CHAIRMAN
COMMITTEE ON CODES

PLEASE RESPOND

☐ ALBAN· OFFICE
ROOM 609
LEGISLATIVE OFFICE BUILDING
ALBANY NEW YORK 12247
518  455  3471

☐ DISTRICT OFFICE
5314 BROADWAY
LANCASTER NEW YORK 14086
716  681  3373

June 18, 1990

Hon. Evan A. Davis
Counsel to the Governor
Executive Chamber
The Capitol
Albany, New York 12224

Re:  S.5301

Dear Mr. Davis:

This is in response to your request for comment on
the above-referenced legislation pending before the
Governor for approval, and to submit the enclosed
memorandum in support of the bill.

Senator Volker urges the Governor's approval, and I
hope you will feel free to contact me if I can be of
any assistance to you or your staff in preparing
your recommendation.  Please keep in mind that the
Governor, as part of his 1990 legislative program,
also sought to ban electronic stun guns.

Sincerely,

Kenneth J. Connolly
Counsel

KJC:ho
Enc.

000009

SB

S- 5301



# THE ASSEMBLY
## STATE OF NEW YORK
### ALBANY

RICHARD J. CONNERS
104th District
Most of the City of Albany
Towns of Guilderland and New Scotland

CHAIRMAN
Committee on Veterans Affairs

Room 524 State Capitol
Albany New York 12248
(518) 455-4178

FAX #(518) 455-5737

June 15, 1990

The Honorable Evan A. Davis
Counsel to the Governor
Executive Chamber - Room 225
State Capitol

Re:  S-5301 - Volker
     A-5398A- Conners

AN ACT to amend the penal law, in
relation to offenses involving electronic
stun gun

Dear Counsel Davis:

Both Houses of the Legislature have passed S.5301 (Volker)
and A.5398A in the Assembly by the writer of this letter. It is
a bill which defines "electronic stun gun", as any device designed
primarily as a weapon, the purpose of which is to stun, cause
mental disorientation, knock out or paralyze a person by passing
a high voltage electrical shock to such person; makes possession
of such weapon a Class A misdemeanor of criminal possession of a
weapon in the 4th degree.  Criminal sanction impact,

The bill is supported by the Police Conference of New York, Inc.
representing more than 200 Police Benevolent Associations through-
out the State of New York and urges its enactment into law.

The direct issue came about on August 17, 1988 when an Albany
County worker shocked two girls with an electrical stun gun.  Police
arrested Mark L. Rooney at his office at the Albany County Real
Property Tax Service in mid-afternoon after two female workers
complained that Rooney had given them shocks and burns on their
hips and buttocks.  Rooney was arrested and arraigned in City
Police Court on two counts of assault and a count of criminal
possession of a weapon.  The victims told police that Rooney came
up behind them separately at the office on Monday and Tuesday
afternoons and placed the six-inch stun gun on their bodies,
delivering electrical charges.  The stun gun delivers about 1200
volts of electricity, an amount which is painful, but not very
often too harmful.

...

Honorable Evan A. Davis
Counsel to the Governor
June 15, 1990 - Page 2


Under the right conditions, however, a stun gun charge could be
fatal.  People wearing cardiac pacemakers or with subtle heart
conditions can suffer irregular heart beats after receiving
electrical shocks of this high voltage.  Dectective Captain
William Murray of the Albany Police Department said the risk could
also apply to people who abuse cocaine or amphetamines. Captain
Murray said the  recipient is altering their heart rate chemically,
so a severe shock could affect them.

     For this reason, after debate, the bill passed the Assembly
by a vote of 120 to 23 and was sponsored in the Assembly by both
the undersigned and Arnold Proskin of Colonie.  We hope that you
can see fit to recommend the Governor's approval for this effort
to cut down on possible harmful usage as sub-division I 265.01 of
the Penal Law (as amended by Chapter 220) of the Laws of 1988.
If approved, the bill would take effect the first day of November
next succeeding the date on which it shall have become a law.

     With every best wish, I am

                                        Sincerely,

                                        Richard J. Conners
                                        Assemblyman



The Senate bill No. ___530 1___

   Entitled:

      AN ACT to amend the penal law, in relation to offenses involving elec-
      tronic stun guns

was recalled from the Assembly by concurrent resolution.

   On motion of Senator ___VOLKER___ and by unanimous consent,

the same was ordered returned to the Assembly for concurrence.

                        By order of the Senate,

                        Stephen F. Sloan

                           Secretary





# STATE OF NEW YORK

## IN SENATE

By Senator **VOLKER** _____

Resolved (if the Assembly concur), that the Assembly return to the

Senate, the Senate Bill No. _**5301**_ for the purpose of amendment.

~~substitution.~~

(Insert Title)

By order of the Senate,

Secretary

<u>IN ASSEMBLY</u>                    **MARCH   30 , 1990**

_____19 _____

Concurred in without amendments.

By order of the Assembly,

Clerk

Form No. 26-A — Recall Senate Bill from Assembly

5B

C-264

3-5301



**LEONARD G DUNSTON**
DIRECTOR

NEW YORK STATE EXECUTIVE DEPARTMENT
**DIVISION FOR YOUTH**
84 HOLLAND AVENUE
ALBANY, NEW YORK 12208



CHARLES M DEVANE
EXECUTIVE DEPUTY DIRECTOR

June 20, 1990

The Honorable Evan A. Davis
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York  12224

Dear Mr. Davis:

Re:  S.5301.  AN ACT to amend the penal law, in relation to
     offenses involving electronic stun guns

The Division for Youth SUPPORTS this legislation.

This bill would amend the definitional section of Article 265
of the Penal Law (§265.00) by adding a new subdivision 15-C
which would define the term "electronic stun gun."  The bill
would also amend subdivision one of Penal Law §265.01 to make
possession of an electronic stun gun per se a criminal
possession of a weapon.

The bill should deter acquisition of such weapons and enhance
their removal from the general population.

Sincerely,

William F. Pelgrin
General Counsel

C00014

*B*

*C-264*                    *S-5301*



STATE OF NEW YORK ● EXECUTIVE DEPARTMENT
## STATE COMMISSION OF CORRECTION
60 SOUTH PEARL STREET
ALBANY NY 12207 1596
(518) 474 1416

CHAIRMAN
WILLIAM G. MᶜMAHON

COMMISSIONERS

DEBORAH A. REYES

June 20, 1990

Hon. Evan A. Davis, Esq.
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York  12224

Re:  AN ACT to amend the penal law,
     in   relation   to   offenses
     involving electronic stun guns

Dear Mr. Davis:

    The Commission of Correction supports this bill which would make possession of an electronic stun gun a crime.  Currently, Penal Law section 265.00(15-a) prohibits possession of an "electronic dart gun," but is limited by definition to devices utilizing a "dart" or "projectile."  A stun gun, which produces a result similar to that of an electronic dart gun, does not utilize a dart or projectile.  This bill would address this omission and ensure that possession of stun guns is also proscribed.

    Thank you for the opportunity to comment on this proposal.

                        Very truly yours,

                        Gloria Herron Arthur
                        Counsel

SB

C-264          S-5301

*MEMORANDUM*



**STATE OF NEW YORK**
**DIVISION OF CRIMINAL JUSTICE SERVICES**

TO:        Evan A. Davis
           Counsel to the Governor

FROM:      M. Dawn Herkenham *MDH*
           Counsel, Division of Criminal Justice Services

SUBJECT:   Senate Bill Number 5301

DATE:      June 21, 1990

_____

           This is in response to your request for comment on the above-entitled legislation which would amend sections 265.00 and 265.01(1) of the Penal Law to define and make unlawful the possession of an electronic stun gun.

           An "electronic dart gun" is defined by section 265.00 (15-a) of the Penal Law and its possession is punishable as the class A misdemeanor of criminal possession of a weapon in the fourth degree under Penal Law §265.01(1). As presently defined, however, such a device must produce its effect by means of a dart or projectile. The bill would add a new definition for an "electronic stun gun" which passes a high voltage shock to a person by any means and would similarly proscribe its possession at the class A misdemeanor level. While the measure should have no direct impact on the operations of the Division of Criminal Justice Services, the proscription of such stun guns would remove an oversight in present law and reduce the use of these dangerous items. Accordingly, the Division of Criminal Justice Services supports approval of this legislation.

           Thank you for the opportunity to comment on this legislation.

*A. 5398-A*
*S. 5361*



STATE OF NEW YORK
EXECUTIVE DEPARTMENT
**DIVISION OF PROBATION AND CORRECTIONAL ALTERNATIVES**
60 SOUTH PEARL STREET
ALBANY, NEW YORK 12207-1595

MARIO M. CUOMO
Governor

EDMUND B WUTZER
State Director

## M E M O R A N D U M

TO:     EVAN A. DAVIS
        Counsel to the Governor

FROM:   LINDA J. VALENTI
        Counsel

DATE:   June 18, 1990

RE:     A. 5398-A

---

    This memorandum is in response to your recent request for the Division of Probation and Correctional Alternatives' comments on the above-referenced legislation, which would amend Section 265.00 of the Penal Law to include a definition of electronic stun gun and amend Section 265.01 of such law to establish that any person possessing this weapon may be convicted of criminal possession of a weapon in the fourth degree.

    In view of the potential health and safety concerns surrounding possession of an electronic stun gun and that it is dissimilar in some respects to an electronic dart gun, which is already outlawed, the Division supports making possession of an electronic stun gun a crime. Accordingly, the Division recommends that the Governor sign A. 5398-A into law.


cc:  Sean Byrne



# *Memorandum*

June 18, 1990

TO:        Evan A. Davis, Esq.
           Counsel to the Governor

FROM:      Glenn Valle, Counsel

SUBJECT:   TEN DAY BILL COMMENT - SENATE 5301


The Division of State Police supports this legislation.


cc: Sean M. Byrne, Esq.
    Counsel to the Director of Criminal Justice

SB

°C 264        5 5361



**STATE OF NEW YORK**
**EXECUTIVE DEPARTMENT**
**DIVISION OF PAROLE**

RAMON J. RODRIGUEZ
CHAIRMAN

97 CENTRAL AVENUE
ALBANY, NY 12206

22 June 1990

Honorable Evan A. Davis
Counsel to the Governor
Executive Chamber
State Capitol
Albany, N.Y.  12224

      RE: S.5361 - AN ACT to amend the penal law, in
            relation to offenses involving
            electronic stun guns

Dear Mr. Davis:

    I am in receipt of your recent request for the Division
of Parole's analysis, comments, and/or recommendations
concerning the above referenced legislation.

    Please be advised that the Division supports this
legislation and recommends that it be approved.  This bill
amends Penal Law by adding the definition of an "electronic
stun gun" to §265.00 and by adding an "electronic stun gun"
to the list of weapons contained in §265.01.

    The purpose of these changes is to make the mere
possession of an "electronic stun gun" illegal.  Proof of
such possession will, in and of itself, suffice to establish
commission of a crime.  Since this weapon has proven to be
extremely dangerous, this statutory change is warranted.
Therefore, the Division supports this legislation and urges
the Governor to approve it.

    If you have any questions regarding these comments,
please do not hesitate to contact me.

                Very Truly Yours,

                Ann Horowitz
                Counsel

**CO0019**

C-264

S.5301
A.5393-A

**BOARD MEMBERS**
ANGELO PETROMELIS, Chairman
DIANE McGRATH-McKECHNIE
GENNARO A. FISCHETTI

STATE OF NEW YORK
EXECUTIVE DEPARTMENT
**CRIME VICTIMS BOARD**
845 CENTRAL AVENUE, ROOM 107
ALBANY, NEW YORK 12206-1588
(518) 457-8727

<u>MEMORANDUM</u>

TO:        Evan A. Davis
           Counsel to the Governor

FROM:      Lorraine Felegy
           Counsel, Crime Victims Board

RE:        S.5301 - AN ACT to amend the penal law, in
           relation to offenses involving electronic
           stun guns

DATE:      June 25, 1990

-----------------------------------------------------------------

<u>Recommendation</u>:  Support

<u>Comment</u>:  This bill makes possession of an electronic stun gun a
crime.  As there is no legitimate purpose for individual use of
such weapons, criminalizing possession will allow appropriate
intervention.


/jt

S.5301



**STATE OF NEW YORK**

**DEPARTMENT OF CORRECTIONAL SERVICES**

**THE STATE OFFICE BUILDING CAMPUS**

**ALBANY, N.Y. 12226**

THOMAS A. COUGHLIN III
COMMISSIONER

ANTHONY J. ANNUCCI
DEPUTY COMMISSIONER AND COUNSEL

June 18, 1990

Honorable Evan A. Davis
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York 12224

        RE:  S.5301

Dear Mr. Davis:

     This bill would amend the penal law, in relation to offenses
involving electronic stun guns.

     The Department of Correctional Services has no objection to
the approval of this legislation.

                              Very truly yours,

                              Anthony J. Annucci
                              Deputy Commissioner
                                 and Counsel

AJA/tmd/21
cc:  Sean Byrne, Esq.

000021



STATE OF NEW YORK
EXECUTIVE CHAMBER
ALBANY 12224

MEMORANDUM filed with Senate Bill Number 5301, entitled:

CHAPTER 264

APPROVAL #31

"AN ACT to amend the penal law, in relation to offenses involving electronic stun guns"

A P P R O V E D

          This bill, which is part of my 1990 Legislative Program, defines and makes criminal the possession of an electronic stun gun.  The possession of an electronic dart gun constitutes the crime of criminal possession of a weapon in the fourth degree under existing law, but the definition of that device requires the passage of an electrical shock by means of a dart or projectile.

          The availability and use of an equally dangerous weapon which passes a high voltage electrical shock to a person by means of direct contact or without resort to a projectile pose the same threat to New Yorkers.  The possession of an electronic stun gun merits a criminal sanction identical to that applicable to the possession of an electronic dart gun and the bill accords such treatment to those weapons.

          Approval of the bill is recommended by the Division of State Police, the Division of Criminal Justice Services, the Division of Probation and Correctional Alternatives and the Police Conference of New York, Inc.

          The bill is approved.

000022

C-264

S. 5301

A. 5398-A

POLICE
of
NEW
YORK
INC
CONFERENCE

METROPOLITAN
POLICE
CONFERENCE
INC.
N.Y.

June 14, 1990

Honorable Evan A. Davis
Counsel to the Governor
State Capitol
Albany, New York  12244

Re:  S. 5301 – Introduced by Senator Volker
     A. 5398-A – Introduced by Member of the Assembly Conners

     An act to amend the Penal Law, in relation to offenses
     involving electronic stun guns

Dear Mr. Davis:

The Metropolitan Police Conference of New York State, Inc. and the
Police Conference of New York, Inc., a coalition of the largest
organizations representing law enforcement throughout New York
State, strongly supports this legislation which would make the
possession of an electronic stun gun a crime.

This bill would add a new subdivision 19 to Section 265.00 of the
Penal Law defining the term "Electronic stun gun." The definition
would embrace weapons which project a high voltage electrical
charge which stuns, knocks out, paralyzes, or causes disorientation
in a person against whom it is used. There is currently no
existing law prohibiting the possession of an electronic stun gun.

Since there has been a dramatic increase in the use of stun guns,
this bill would redress the exclusion of stun guns from the Penal
Law Weapons Prohibition. Since there is no rational basis for
permitting the possession of a stun gun, on behalf of our combined
memberships, we urge your support in signing this legislation into
law.

                    Respectfully submitted,

PAUL D. CAROZZA, President          EDWARD W. GUZDEK, President
METROPOLITAN POLICE CONFERENCE      POLICE CONFERENCE OF NEW YORK

FLOYD HOLLOWAY, Joint               JOHN LALONDE, Legislative
Legislative Chairman                Co-Chairman

296    S.5301



## POLICE CONFERENCE of New York, Inc.
### Union of Police Officers

Executive Offices: 112 State Street—Suite 1120, Albany, New York 12207
Tel. (518) 463-3283

Founded in 1925

**EDWARD W. GUZDEK**, President
**GEORGE NICHOLSON**, 1st Vice President
**JOHN E. LALONDE**, 2nd Vice President
**RONALD G. EVANGELISTA**, 3rd Vice President
**JOHN J. DEE**, Recording Secretary
**TED STAFFORD**, Treasurer
**JAMES B. TUTTLE**, Counsel
**REV. OLOF JOHNSON**, Chaplain
**GUS DANESE**, Sgt.-at-Arms

### S U P P O R T

AN ACT TO DEFINE "ELECTRONIC STUN GUN" AS
ANY DEVICE DESIGNED PRIMARILY AS A WEAPON,
THE PURPOSE OF WHICH IS TO STUN, CAUSE
MENTAL DISORIENTATION, KNOCK OUT OR
PARALYZE A PERSON BY PASSING A HIGH
VOLTAGE ELECTRICAL SHOCK TO SUCH PERSON;
MAKES POSSESSION OF SUCH WEAPON A CLASS A
MISDEMEANOR OF CRIMINAL POSSESSION OF A
WEAPON IN THE 4TH DEGREE. CRIMINAL
SANCTION IMPACT.

S-5301 BY VOLKER/A-5398A BY CONNERS

---

THE POLICE CONFERENCE OF NEW YORK, INC., REPRESENTING

OVER 200 PBA'S THROUGHOUT THE STATE OF NEW YORK,

SUPPORTS THE ABOVE ENTITLED LEGISLATION AND URGES ITS

ENACTMENT INTO LAW.

JOHN E. LALONDE
PCNY LEGISLATIVE CHAIRMAN

2-13-90

C00024