UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NUNZIO CALCE, ALLEN CHAN, SHAYA
GREENFIELD, AMANDA KENNEDY, RAYMOND
PEZZOLI; SECOND AMENDMENT FOUNDATION;
and FIREARMS POLICY COALITION,

        21-CV-8208(ER)

                    Plaintiffs,

        -against-

CITY OF NEW YORK, and DERMOT SHEA, in his
official capacity as Commissioner of the New York City
Police Department,

                    Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' RESPONSE TO PLAINTIFFS' RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants the City of New York, and Dermot Shea,[1] in his official capacity as Commissioner of the New York City Police Department (collectively "Defendants"), by their attorney the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, submit this counter statement pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, responding to Plaintiffs' Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried ("Plaintiffs' Statement").

---

[1] Plaintiffs originally named then-NYPD Commissioner Dermot Shea as a defendant in his official capacity as Commissioner of the New York City Police Department. Edward A. Caban replaced Keechant Sewell (who replaced Dermot Shea) as Commissioner of the New York City Police Department on July 17, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), the successor of a public officer is automatically substituted as a party when the originally named public officer "ceases to hold office while the action is pending."

**PARAGRAPH # 1:**

Defendant City of New York is a municipal corporation incorporated under the laws of the State of New York. [Amended Complaint (Doc. No. 5) ¶ 13; Answer (Doc. No. 15) ¶ 13].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 1:**

Defendants do not dispute the assertions set forth in paragraph "1" of Plaintiffs' Statement.

**PARAGRAPH # 2:**

The New York City Police Department (or "NYPD") is an agency of the Defendant City that is not amenable to suit in its own name. [Amended Complaint (Doc. No. 5) ¶ 14; Answer (Doc. No. 15) ¶ 14].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 2:**

Defendants do not dispute the assertions set forth in paragraph "2" of Plaintiffs' Statement.

**PARAGRAPH # 3:**

Dermot Shea, who was named as an official capacity Defendant at the time of filing, was previously the Commissioner of the New York City Police Department. [Amended Complaint (Doc. No. 5) ¶ 15; Answer (Doc. No. 15) ¶ 15].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 3:**

Defendants do not dispute the assertions set forth in paragraph "3" of Plaintiffs' Statement.

**PARAGRAPH # 4:**

Defendant Edward A. Caban is the current Commissioner of the New York City Police Department, named in his official capacity. [Amended Complaint (Doc. No. 5) ¶ 15; Answer (Doc. No. 15) ¶ 15; *see also* https://www.nyc.gov/site/nypd/about/leadership/commissioner.page (last visited Mar. 1, 2024)].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 4:**

Defendants do not dispute the assertions set forth in paragraph "4" of Plaintiffs' Statement.

**PARAGRAPH # 5:**

Plaintiff Nunzio Calce is a 50 year old married man who lives in Bronx, New York. [Declaration of Nunzio Calce ("Calce Dec.") ¶ 2].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 5:**

Defendants do not dispute the assertions set forth in paragraph "5" of Plaintiffs' Statement.

**PARAGRAPH # 6:**

Plaintiff Nunzio Calce would like to purchase, possess and carry a stun gun or a taser in the City of New York, but he refrains from doing so because he fears that NYPD officers will arrest or otherwise prosecute him if he does so. [Calce Dec. ¶¶ 3, 9].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 6:**

Defendants do not dispute the assertions set forth in paragraph "6" of Plaintiffs' Statement.

**PARAGRAPH # 7:**

On September 7, 2021, Plaintiff Nunzio Calce contacted his local NYPD precinct (49th) to ask whether stun guns and tasers are legal. In response, someone named "Officer Ju" told him that both stun guns and tasers are illegal in all of New York City. [Calce Dec. ¶ 7].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 7:**

Defendants do not dispute the assertions set forth in the first sentence of paragraph "7" of Plaintiffs' Statement. Plaintiffs do not cite to any admissible evidence to support the assertions set forth in the second sentence of paragraph "7" of Plaintiffs' Statement as the document cited therein constitutes hearsay for which no exception applies, and thus, no response is required and

Defendants reserve their right to move to strike these statements.  See FRCP 56(c)(2); Local Civil Rule 56.1(d).

**PARAGRAPH # 8:**

Since Plaintiff Nunzio Calce spoke with his local NYPD precinct, nothing has happened that would change his understanding that NYPD officers will enforce the prohibitions against stun guns and tasers. [Calce Dec. ¶ 8].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 8:**

Defendants do not dispute the assertions set forth in paragraph "8" of Plaintiffs' Statement.

**PARAGRAPH # 9:**

Plaintiff Nunzio Calce has never been convicted of a felony or confined to a mental institution. To the best of his knowledge, he is legally eligible to purchase and possess firearms under New York law and federal law. [Calce Dec. ¶ 10].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 9:**

Defendants do not dispute the assertions set forth in paragraph "9" of Plaintiffs' Statement.

**PARAGRAPH # 10:**

Plaintiff Allen Chan is a 32 year old man who lives in the Flushing neighborhood of Queens, New York. [Declaration of Allen Chan ("Chan Dec.") ¶ 2].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 10:**

Defendants do not dispute the assertions set forth in paragraph "10" of Plaintiffs' Statement.

**PARAGRAPH # 11:**

Plaintiff Allen Chan would like to purchase, possess and carry a stun gun or a taser in the City of New York, but he refrains from doing so because he fears that NYPD officers will arrest or otherwise prosecute him if he does so. [Chan Dec. ¶¶ 3, 9].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 11:**

Defendants do not dispute the assertions set forth in paragraph "11" of Plaintiffs' Statement.

**PARAGRAPH # 12:**

On several days in September and October of 2021, Plaintiff Allen Chan attempted to contact his local NYPD precinct (109th) to ask whether stun guns and tasers are legal. On October 28, 2021, Mr. Chan was able to speak with someone who answered the number for the Detectives Squad, and that person told him that stun guns and tasers are illegal in New York City, but that the person was not sure whether they are illegal under New York State law. [Chan Dec. ¶ 7].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 12:**

Defendants do not dispute the assertions set forth in the first sentence of paragraph "12" of Plaintiffs' Statement. Plaintiffs do not cite to any admissible evidence to support the assertions set forth in the second sentence of paragraph "12" of Plaintiffs' Statement as the document cited therein constitutes hearsay for which no exception applies, and thus, no response is required and Defendants reserve their right to move to strike these statements.  See FRCP 56(c)(2); Local Civil Rule 56.1(d).

**PARAGRAPH # 13:**

Since Plaintiff Allen Chan spoke with his local NYPD precinct, nothing has happened that would change his understanding that NYPD officers will enforce the prohibitions against stun guns and tasers. [Chan Dec. ¶ 8].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 13:**

Defendants do not dispute the assertions set forth in paragraph "13" of Plaintiffs' Statement.

**PARAGRAPH # 14:**

Plaintiff Allen Chan has never been convicted of a felony or confined to a mental institution. To the best of his knowledge, he is legally eligible to purchase and possess firearms under New York law and federal law. [Chan Dec. ¶ 10].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 14:**

Defendants do not dispute the assertions set forth in paragraph "14" of Plaintiffs' Statement.

**PARAGRAPH # 15:**

Plaintiff Shaya Greenfield is a 31 year old man who lives in the Richmond Hill neighborhood of Queens, New York. [Declaration of Shaya Greenfield ("Greenfield Dec.") ¶ 2].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 15:**

Defendants do not dispute the assertions set forth in paragraph "15" of Plaintiffs' Statement.

**PARAGRAPH # 16:**

Plaintiff Shaya Greenfield would like to purchase, possess and carry a stun gun or a taser in the City of New York, but he refrains from doing so because he fears that NYPD officers will arrest or otherwise prosecute him if he does so. [Greenfield Dec. ¶¶ 3, 9]

**DEFENDANTS' RESPONSE TO PARAGRAPH # 16:**

Defendants do not dispute the assertions set forth in paragraph "16" of Plaintiffs' Statement.

**PARAGRAPH # 17:**

On several days in September 2021, Plaintiff Shaya Greenfield attempted to contact his local NYPD precinct (102nd) to ask whether stun guns and tasers are legal, but he was not able to reach anyone by telephone. On September 27, 2021, Mr. Greenfield called the number for the precinct's Detective Squad and spoke with an individual who told him it was illegal to have a taser in New York City. [Greenfield Dec. ¶ 7].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 17:**

Defendants do not dispute the assertions set forth in the first sentence of paragraph "17" of Plaintiffs' Statement. Plaintiffs do not cite to any admissible evidence to support the assertions set forth in the second sentence of paragraph "17" of Plaintiffs' Statement as the document cited therein constitutes hearsay for which no exception applies, and thus, no response is required and Defendants reserve their right to move to strike these statements. See FRCP 56(c)(2); Local Civil Rule 56.1(d).

**PARAGRAPH # 18:**

Since Plaintiff Shaya Greenfield spoke with his local NYPD precinct, nothing has happened that would change his understanding that NYPD officers will enforce the prohibitions against stun guns and tasers. [Greenfield Dec. ¶ 8].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 18:**

Defendants do not dispute the assertions set forth in paragraph "18" of Plaintiffs' Statement.

**PARAGRAPH # 19:**

Plaintiff Shaya Greenfield has never been convicted of a felony or confined to a mental institution. To the best of his knowledge, he is legally eligible to purchase and possess firearms under New York law and federal law.[Greenfield Dec. ¶ 10].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 19:**

Defendants do not dispute the assertions set forth in paragraph "19" of Plaintiffs' Statement.

**PARAGRAPH # 20:**

Plaintiff Ray Pezzoli is a 48 year old man who lives in Staten Island, New York. [Declaration of Raymond Pezzoli ("Pezzoli Dec.") ¶ 2].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 20:**

Defendants do not dispute the assertions set forth in paragraph "20" of Plaintiffs' Statement.

**PARAGRAPH # 21:**

Plaintiff Ray Pezzoli would like to purchase, possess and carry a stun gun or a taser in the City of New York, but he refrains from doing so because he fears that NYPD officers will arrest or otherwise prosecute him if he does so. [Pezzoli Dec. ¶¶ 3, 9]

**DEFENDANTS' RESPONSE TO PARAGRAPH # 21:**

Defendants do not dispute the assertions set forth in paragraph "21" of Plaintiffs' Statement.

**PARAGRAPH # 22:**

On August 10, 2021, Plaintiff Ray Pezzoli called his local NYPD precinct (120th) in Staten Island and spoke with someone named "Detective Cayenne," who he understood was a member of the Detective Squad. Mr. Pezzoli asked if it was legal to have a stun gun in New York City, and Detective Cayenne told him it was not legal. [Pezzoli Dec. ¶ 7].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 22:**

Defendants do not dispute the assertions set forth in the first sentence of paragraph "22" of Plaintiffs' Statement. Plaintiffs do not cite to any admissible evidence to support the assertions set forth in the second sentence of paragraph "22" of Plaintiffs' Statement as the document cited therein constitutes hearsay for which no exception applies, and thus, no response is required and Defendants reserve their right to move to strike these statements. See FRCP 56(c)(2); Local Civil Rule 56.1(d).

**PARAGRAPH # 23:**

Since Plaintiff Ray Pezzoli spoke with his local NYPD precinct, nothing has happened that would change his understanding that NYPD officers will enforce the prohibitions against stun guns and tasers. [Pezzoli Dec. ¶ 8].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 23:**

Defendants do not dispute the assertions set forth in paragraph "23" of Plaintiffs' Statement.

**PARAGRAPH # 24:**

Plaintiff Ray Pezzoli has never been convicted of a felony or confined to a mental institution. To the best of his knowledge, he is legally eligible to purchase and possess firearms under New York law and federal law. [Pezzoli Dec. ¶ 10].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 24:**

Defendants do not dispute the assertions set forth in paragraph "24" of Plaintiffs' Statement.

**PARAGRAPH # 25:**

Plaintiff Amanda Kennedy is a 45 year old woman who currently lives in Bristol, Connecticut. [Declaration of Amanda Kennedy ("Kennedy Dec.") ¶ 2].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 25:**

Defendants do not dispute the assertions set forth in paragraph "25" of Plaintiffs' Statement.

**PARAGRAPH # 26:**

Previously, Plaintiff Amanda Kennedy lived in Brooklyn, New York. [Kennedy Dec. ¶ 2].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 26:**

Defendants do not dispute the assertions set forth in paragraph "26" of Plaintiffs' Statement.

**PARAGRAPH # 27:**

Plaintiff Amanda Kennedy continues to be in the City of New York on a regular basis, for both social reasons and for work. Both her agent and her recording studio are located in New York City. [Kennedy Dec. ¶ 10].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 27:**

Defendants dispute the assertions set forth in paragraph "27" of Plaintiffs' Statement only to the extent that Plaintiffs' characterization of Plaintiff Amanda Kennedy's visits to the City of New York as occurring on a "regular basis" is subjective and not supported by the evidence cited by Plaintiffs. This dispute does not result in a genuine material factual issue to be tried.

**PARAGRAPH # 28:**

Plaintiff Amanda Kennedy would like to purchase, possess and carry a stun gun or a taser in the City of New York, but she refrains from doing so because she fears that NYPD officers will arrest or otherwise prosecute her if she does so. [Kennedy Dec. ¶¶ 9, 15].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 28:**

Defendants do not dispute the assertions set forth in paragraph "28" of Plaintiffs' Statement.

**PARAGRAPH # 29:**

When Plaintiff Amanda Kennedy lived in Brooklyn, she had a stun gun that she had purchased when she previously lived in California. On November 16, 2021, while driving her car in Brooklyn, Ms. Kennedy was involved in an incident in which a woman (on foot) became angry and hit her in the face, as well as hitting her car and causing a dent, and tried to pull the door of

her car open. Ms. Kennedy had her stun gun with her, and she showed it to the woman to deter her from further attacking. [Kennedy Dec. ¶ 3].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 29:**

Defendants do not dispute the assertions set forth in paragraph "29" of Plaintiffs' Statement.

**PARAGRAPH # 30:**

NYPD officers responded to the incident, and when they learned that Plaintiff Amanda Kennedy had a stun gun, they seized the stun gun and charged her with possessing a stun gun in violation of N.Y.C. Admin. Code § 10-135. [Kennedy Dec. ¶¶ 4-5 & ex.].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 30:**

Defendants do not dispute the assertions set forth in paragraph "30" of Plaintiffs' Statement.

**PARAGRAPH # 31:**

On November 16, 2021, a NYPD officer issued Plaintiff Amanda Kennedy a "Criminal Court Appearance Ticket" that charged her with possessing a stun gun in violation of N.Y.C. Admin. Code § 10-135. [Kennedy Dec. ¶¶ 4-5 & ex.].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 31:**

Defendants do not dispute the assertions set forth in paragraph "31" of Plaintiffs' Statement.

**PARAGRAPH # 32:**

Plaintiff Amanda Kennedy retained counsel in order to contest the charge. [Kennedy Dec. ¶ 6].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 32:**

Defendants do not dispute the assertions set forth in paragraph "32" of Plaintiffs' Statement.

**PARAGRAPH # 33:**

On December 6, 2021, the New York and Kings County Criminal Court resolve the pending charge against Plaintiff Amanda Kennedy by means of an adjournment in contemplation of dismissal. [Kennedy Dec. ¶ 7].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 33:**

Defendants do not dispute the assertions set forth in paragraph "33" of Plaintiffs' Statement.

**PARAGRAPH # 34:**

Nothing has happened since then (i.e., when NYPD officers charged her with unlawfully possessing a stun gun) that would change Plaintiff Amanda Kennedy's understanding that NYPD officers will enforce the prohibitions against stun guns and tasers. [Kennedy Dec. ¶ 14].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 34:**

Defendants do not dispute the assertions set forth in paragraph "34" of Plaintiffs' Statement.

**PARAGRAPH # 35:**

Plaintiff Amanda Kennedy has never been convicted of a felony or confined to a mental institution. To the best of her knowledge, she is legally eligible to purchase and possess firearms under New York law and federal law. [Kennedy Dec. ¶ 16].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 35:**

Defendants do not dispute the assertions set forth in paragraph "35" of Plaintiffs' Statement.

**PARAGRAPH # 36:**

During the year 2023, according to information posted by Defendant City on its "OpenData" website, NYPD officers arrested 2,229 individuals for violating subpart (1) of Penal Law §265.01.[Declaration of David D. Jensen, Esq. ("Jensen Dec.") ¶ 3 & ex. 1].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 36:**

Defendants do not dispute the assertions set forth in paragraph "36" of Plaintiffs' Statement.

**PARAGRAPH # 37:**

During the year 2022, according to information posted by Defendant City on its "OpenData" website, NYPD officers arrested 1,552 individuals for violating subpart (1) of Penal Law §265.01. [Jensen Dec. ¶ 4 & ex. 2].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 37:**

Defendants do not dispute the assertions set forth in paragraph "37" of Plaintiffs' Statement.

**PARAGRAPH # 38:**

During the year 2021, according to information posted by Defendant City on its "OpenData" website, NYPD officers arrested 1,307 individuals for violating subpart (1) of Penal Law §265.01. [Jensen Dec. ¶ 5 & ex. 3].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 38:**

Defendants do not dispute the assertions set forth in paragraph "38" of Plaintiffs' Statement.

**PARAGRAPH # 39:**

Defendants do not maintain records from which they can determine how many of the arrests for violating subpart (1) of Penal Law § 265.01 concerned stun guns or tasers, visà-vis other items that this subpart prohibits. [Jensen Dec. ¶ 6 & ex. 4 at Interrogatory ¶ 2].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 39:**

Defendants dispute the allegations set forth in paragraph "39" of Plaintiffs' Statement as Plaintiffs mischaracterize Defendants' interrogatory response. Defendants' interrogatory response states that "the NYPD does not **readily** maintain any records concerning the specific provisions of the Administrative Code with which a defendant is charged." (emphasis added). See Jensen Dec. ¶ 6 & ex. 4 at Interrogatory ¶ 2. This dispute does not result in a genuine factual issue to be tried because Defendants do not readily have at their disposal records illustrating the number of arrests made pursuant to Penal Law § 265.01 specifically for the possession or use of stun guns and tasers.

**PARAGRAPH # 40:**

Defendants do not maintain records from which they can readily determine how many people they charged with violating New York City Administrative Code §10-135. [Jensen Dec. ¶ 6 & ex. 4 at Interrogatory ¶ 1].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 40:**

Defendants dispute the allegations set forth in paragraph "40" of Plaintiffs' Statement as Plaintiffs mischaracterize Defendants' interrogatory response. Defendants' interrogatory response

states that the "NYPD does not keep records in the form requested by Plaintiff[s]" and that such request would require employees of the NYPD to "look up individual arrest reports to determine if an arrestee was charged with a violation of Administrative Code § 10-135 from January 2017 to the present." See Jensen Dec. ¶ 6 & ex. 4 at Interrogatory ¶ 1. This dispute does not result in a genuine factual issue to be tried because Defendants do not readily have at their disposal records illustrating the number of arrests made pursuant to Administrative Code § 10-135 specifically for the possession or use of stun guns and tasers.

**PARAGRAPH # 41:**

The NYPD Police Student Guide identifies the "electronic dart gun" and "electronic stun gun" as being among the weapons for which "[n]o intent is required, so that the mere possession of [them] is a crime." [Jensen Dec. ¶ 7 & ex. 5 at p. 8].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 41:**

Defendants do not dispute the assertions set forth in paragraph "41" of Plaintiffs' Statement.

**PARAGRAPH # 42:**

The NYPD Police Student Guide includes both stun guns and tasers in a separate section that lists and includes pictures of weapons that Article 265 of the Penal Law prohibits. [Jensen Dec. ¶ 7 & ex. 5 at pp. 42-43].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 42:**

Defendants do not dispute the assertions set forth in paragraph "42" of Plaintiffs' Statement.

**PARAGRAPH # 43:**

In discovery, Defendants identified no evidence that could support the conclusion that stun guns are not in common use by law-abiding people for lawful purposes. [Jensen Dec. ¶ 6 & ex. 4 at Interrogatory ¶¶ 9, 11 & Request ¶¶ 5, 14].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 43:**

Defendants dispute the assertions set forth in paragraph "43" of Plaintiffs' Statement as they consist of legal arguments rather than material facts as required by Local Civil Rule 56.1(a), and thus, no response is required and Defendants reserve their right to move to strike this statement. See FRCP 56(c)(2); Local Civil Rule 56.1(a), (d). Defendants further dispute the assertions set forth in paragraph "43" of Plaintiffs' Statement as they fail to comply with the requirements of Local Rule 56.1 and are not followed by a citation to admissible evidence. This dispute does not result in a genuine factual issue to be tried.

**PARAGRAPH # 44:**

Plaintiff Second Amendment Foundation ("SAF") is a non-profit member organization incorporated under the laws of the State of Washington with its principal place of business in Bellevue, Washington. [Declaration of Adam Kraut ("Kraut Dec.") ¶ 2].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 44:**

Defendants do not dispute the assertions set forth in paragraph "44" of Plaintiffs' Statement.

**PARAGRAPH # 45:**

Plaintiff SAF has over 720,000 supporters nationwide, including in the City and State of New York. [Kraut Dec. ¶ 3].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 45:**

Defendants do not dispute the assertions set forth in paragraph "45" of Plaintiffs' Statement.

**PARAGRAPH # 46:**

SAF's core purposes include promoting both the exercise of the right to keep and bear arms, as well as education, research, publishing, and legal action focusing on the constitutional right to privately own and possess firearms. SAF publishes three periodicals (The New Gun Week, Women and Guns, and The Gottlieb-Tartaro Report) and also publishes the academic publication Journal of Firearms and Public Policy. SAF promotes research and education on the consequences of abridging the right to keep and bear arms and on the historical grounding and importance of the right to keep and bear arms as one of the core civil rights of United States citizens. [Kraut Dec. ¶ 5].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 46:**

Defendants do not dispute the assertions set forth in paragraph "46" of Plaintiffs' Statement.

**PARAGRAPH # 47:**

Plaintiffs Nunzio Calce, Allen Chan, Shaya Greenfield, Ray Pezzoli and Amanda Kennedy are all members of Plaintiff SAF. [Calce Dec. ¶ 11; Chan Dec. ¶ 11; Greenfield Dec. ¶ 11; Kennedy Dec. ¶ 17; Kraut Dec.¶ 4; Pezzoli Dec. ¶ 11].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 47:**

Defendants do not dispute the assertions set forth in paragraph "47" of Plaintiffs' Statement.

**PARAGRAPH # 48:**

Employees of SAF have spent a significant amount of time responding to requests from both members and supporters and the general public as a result of New York City's enforcement of the State and City laws prohibiting stun guns and tasers. SAF also spends time and money incidental to this litigation. All of these expenditures of time and money come at the expense of other priorities that SAF would otherwise pursue. [Kraut Dec. ¶ 8]

**DEFENDANTS' RESPONSE TO PARAGRAPH # 48:**

Defendants dispute the assertions set forth in the first sentence of paragraph "48" of Plaintiffs' Statement only to the extent that Plaintiffs' characterization of SAF spending a "significant amount of time" is subjective and not supported by the evidence cited by Plaintiffs. This dispute does not result in a genuine material factual issue to be tried. Defendants further dispute the assertions set forth in the third sentence of paragraph "48" of Plaintiffs' Statement. These assertions constitute speculative and conclusory opinions rather than material facts as required by Local Civil Rule 56.1(a), and thus, no response is required and Defendants reserve their right to move to strike this statement. See FRCP 56(c)(2); Local Civil Rule 56.1 (a), (d). Specifically, it is entirely speculative that SAF would pursue other priorities if it were not for the expenditures relating to this instant litigation.

**PARAGRAPH # 49:**

Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a nonprofit organization incorporated under the laws of Delaware with a place of business in Clark County, Nevada. [Declaration of Brandon Combs ("Combs Dec.") ¶ 2]

**DEFENDANTS' RESPONSE TO PARAGRAPH # 49:**

Defendants do not dispute the assertions set forth in paragraph "49" of Plaintiffs' Statement.

**PARAGRAPH # 50:**

FPC has members in both the City and State of New York. [Combs Dec. ¶ 7]

**DEFENDANTS' RESPONSE TO PARAGRAPH # 50:**

Defendants do not dispute the assertions set forth in paragraph "50" of Plaintiffs' Statement.

**PARAGRAPH # 51:**

FPC's mission is to defend and promote the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advance individual liberty, and restore freedom. FPC serves its members and the public through legislative and regulatory advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. [Combs Dec. ¶¶ 3, 6].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 51:**

Defendants do not dispute the assertions set forth in paragraph "51" of Plaintiffs' Statement.

**PARAGRAPH # 52:**

Plaintiffs Nunzio Calce, Allen Chan, Shaya Greenfield, Ray Pezzoli and Amanda Kennedy are all members of Plaintiff FPC [Calce Dec. ¶ 11; Chan Dec. ¶ 11; Combs Dec. ¶ 7; Greenfield Dec. ¶ 11; Kennedy Dec. ¶ 17; Pezzoli Dec. ¶ 11].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 52:**

Defendants do not dispute the assertions set forth in paragraph "52" of Plaintiffs' Statement.

**PARAGRAPH # 53:**

Members have contacted Plaintiff FPC to ask questions related to the legal status of stun guns and tasers in New York City, and in response, representatives of FPC have spent time, money and other resources answering questions and providing advice. Furthermore, members of both FPC may face criminal charges or other adverse action in the future on account of the allegation that they violated N.Y. Penal Law §265.01(1) and/or Administrative Code §10-135, and FPC may in that instance provide individuals with support in the form of advice and referrals to counsel. [Combs Dec. ¶ 7, 9, 11, 13].

**DEFENDANTS' RESPONSE TO PARAGRAPH # 53:**

Defendants dispute the assertions set forth in the second sentence of paragraph "53" of Plaintiffs' Statement as these assertions constitute speculative and conclusory opinions rather than material facts as required by Local Civil Rule 56.1(a), and thus, no response is required and Defendants reserve their right to move to strike this statement. See FRCP 56(c)(2); Local Civil Rule 56.1 (a), (d). Specifically, it is entirely speculative that any of the named Plaintiffs would violate Penal Law § 265.01(1) and/or Administrative Code §10-135 in the future or that they would be charged criminally for violating these sections of law.

**PARAGRAPH # 54:**

Plaintiff FPC assisted Plaintiff Amanda Kennedy in paying for the cost of hiring counsel to defend against her charge of possessing a stun gun in violation of N.Y.C. Administrative Code §10-135. [Combs Dec. ¶ 12; Kennedy Dec. ¶ 6]

**DEFENDANTS' RESPONSE TO PARAGRAPH # 54:**

Defendants do not dispute the assertions set forth in paragraph "54" of Plaintiffs'

Statement.

Dated:      New York, New York
           April 26, 2024

                             HON. SYLVIA O. HINDS-RADIX
                             Corporation Counsel
                                of the City of New York
                             *Attorney for Defendants*
                             100 Church Street
                             New York, New York 10007
                             (212) 356-2183

By:    /s/ *Samantha Schonfeld*
          Samantha Schonfeld
          Assistant Corporation Counsel